# I. W. Scott and T. M. D. McCloy, partners as I. W. Scott & Co., Appellants, *v.* Allegheny Valley Railway Company.

*Common carriers—Negligence—Fire—Remote and proximate cause.*

Common carriers are answerable for the ordinary and proximate consequence of their negligence, and not for those that are remote and extraordinary; and this liability includes all those consequences which may have arisen from the neglect to make provision for those damages which ordinary skill and foresight is bound to anticipate.

In determining what is proximate, the true rule is that the injury must be the natural and probable consequence of the negligence; such a consequence as, under the surrounding circumstances of the case, might and ought to have been foreseen by the wrongdoer as likely to flow from his act.

A freight car loaded with twine, which arrived in the evening, was run by the defendant railroad company on a track in the company's yard to a point three feet from an alley, to be ready for unloading in the morning. During the night a fire broke out in a building across the alley. The building did not belong to the defendant, and it had no control over the cause of the fire. The car caught fire and the contents of the car and the car itself were partially destroyed. The whole would have been burned if the company's employee had not immediately after the fire broke out run the car out of reach of the flames, and put out the fire. The evidence showed that the car door was open for a space of about ten inches at the time the fire broke out, and probably through this opening sparks from the burning building set fire to the twine. The bill of lading provided that the carrier should not be liable for loss by fire. *Held*, that under the undisputed evidence it was for the court to say as a matter of law that the defendant company was not guilty of any negligence which was the proximate cause of the loss.

Argued Oct. 30, 1895. Appeal, No. 127, Oct. T., 1895, by plaintiffs, from judgment of C. P. No. 2, Allegheny Co., October Term, 1893, No. 130, non obstante veredicto. Before STER-RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass against a common carrier for failure to deliver goods. Before EWING, P. J.

The facts appear by the opinion of the Supreme Court.

The following questions were submitted to the jury:

First. Was defendant company guilty of negligence in not

exercising reasonable care, diligence and promptness in removing the car in question after the fire broke out, by reason of which negligence the twine in the car was burned.

Answer: No.

Second. Was defendant guilty of negligence in leaving open the car door in which the twine in question was carried, whereby the twine was injured, when it would not have been damaged, if the door of the car had been shut at the time of the fire.

Answer: Yes, and we find for the plaintiffs in the sum of $1,435.30, subject to the opinion of the court on the question of law reserved, to wit: The car in question was standing in the open yard of defendant on a switch three feet from Mulberry (Strawberry) alley, twenty feet wide, on the opposite side of which was the six-story building, a factory in which the fire originated, and with other factories, and an oil warehouse in the vicinity; if the court be of the opinion that under this finding the plaintiff is entitled to recover, judgment to be entered on the verdict; if not, judgment to be entered in favor of defendant non obstante veredicto.

The court entered judgment for defendant non obstante veredicto.

*Errors assigned* were (1) in reserving the question of proximate cause as a question of law, when the fact of the negligence of defendant was in dispute; (2) in entering judgment for defendant non obstante veredicto. .

*C. S. Fetterman, S. A. & Chas. M. Johnston* with him, for appellants.—Under the circumstances, including the surroundings, and the exposed position of the car, the defendant was bound to anticipate that goods of an inflammable material from some source might become ignited and destroyed by fire: Hoag v. Railway Co., 85 Pa. 293; Ry. Co. v. Kerr, 62 Pa. 353; Ry. Co. v. Hope, 80 Pa. 373.

In the case at bar the question of proximate cause should have been left with the jury: Ry. Co. v. Hope, 80 Pa. 373; Penna. & N. Y. Canal & Ry. v. Lacey, 89 Pa. 458; Lehigh Valley Ry. v. McKeen, 90 Pa. 122; Hoag & Alger v. Lake Shore & M. S. Ry. Co., 85 Pa. 293.

Leaving the car door open was the proximate cause of the loss:

Hutchinson on Carriers, par. 324; Pittsburg v. Grier, 22 Pa. 54; Scott v. Hunter, 46 Pa. 192; Jones v. Gilmore, 91 Pa. 310; Scott v. Hunter, 46 Pa. 192; Wharton on Negligence, section 149; Powell v. Railway Co., 32 Pa. 414; Empire Transportation Co. v. Oil Co., 63 Pa. 14; Haverly v. State Line, etc., Railway Co., 135 Pa. 50; Erie Railway v. Lockwood, 28 Ohio, 358; Gaines v. Transfer Co., 28 Ohio, 418; Miller v. Navigation Co., 10 New York, 431; Railway Co. v. Edwards, 41 Ala. 667.

*George B. Gordon, William Scott* with him, for appellant.— In this case, the possibility of a conflagration breaking out somewhere in the city was not such an event as the defendant company was bound to anticipate or provide against: Behling v. Southwest Penn. Pipe-lines, 160 Pa. 359; Morrison v. Davis, 20 Pa. 171; Pittsburg Southern Ry. v. Taylor, 104 Pa. 306; S. S. Pass. Ry. Co. v. Trich, 117 Pa. 390; Penna. R. R. v. Kerr, 62 Pa. 353; Herr v. Lebanon, 149 Pa. 222.

OPINION BY MR. JUSTICE DEAN, January 6, 1896:

On May 1, 1893, the Pearson Cordage Company of Boston, shipped to plaintiffs in Pittsburg, by rail, a car load of binding twine and rope; on the morning of May 10th, following the shipment, the car reached destination over defendant's terminal and connecting road; this road has a large freight yard in the city, on one side of which runs Mulberry street or alley, twenty feet wide; from cars standing on tracks in this yard, goods are directly delivered into wagons; this car was run on a track three feet north of Mulberry alley about nine o'clock in the evening, to be ready for unloading early the next morning. About three o'clock in the morning, a fire broke out in a large warehouse directly across the alley from where the car was standing; the fire was communicated to the car, partially destroying both it and contents. The whole would have been burned, if defendants had not, immediately after the fire broke out, run the car out of reach of the heat and sparks of the burning building, and put out the fire. The evidence showed the car door at the side was open for a space of about ten inches at the time the fire broke out, and probably through the opening the sparks from the burning building set fire to the car and lading. The facts were undisputed, that the fire originated on property other

than that of defendant, and from causes over which it had no control. The bill of lading contained this condition: "No carrier, or party in possession of all or any part of the property herein described, shall be liable for any loss thereon or damage thereto, by causes beyond its control; or by floods or by fire, from any cause whatsoever occurring."

The court, on the evidence, directed the jury to find specially on these two questions:

"1. Was defendant guilty of negligence in not exercising reasonable care, diligence and promptness in removing the car in question after the fire broke out, and by reason of which negligence the twine in the car was burned?

"2. Was defendant guilty of any negligence in leaving open the car door, whereby the twine was injured, when it would not have been damaged if the car door had been shut at the time of the fire?"

The court reserved the right to enter judgment for defendant, if the jury answered either or both questions affirmatively.

To the first question the jury answered, "No;" to the second, "Yes." The plaintiff's damages, as to which there was no dispute, were assessed by the jury at $1,435.30. The court was of opinion, the cause of the fire being one over which defendant had no control, and which it was not bound to anticipate, on the authority of Railway Co. v. Trich, 117 Pa. 390, and Behling v. Pipe Line, 160 Pa. 359, entered judgment for defendant non obstante veredicto. Plaintiffs appeal, assigning for error the judgment on the point reserved.

Assuming the general rule as to common carriers to be, that they are insurers of goods against all but perils from inevitable accident, and that fire, except when caused by lightning, is not inevitable, yet here the carrier relieves himself from the stringency of the common law rule by his contract with the shipper; that is, under the legal construction of such contracts, he does not insure against fire, unless by reason of his own negligence the fire was the proximate cause of the destruction of the goods.

When the fire broke out, the degree of care arose according to the peril; the exigency then required, not only action and effort, but prompt action and extraordinary effort; under such circumstances, ordinary care would have been negligence, and

such negligence, too, as might have been held to be the proximate cause of the destruction of the goods. The defendant knew, as all know, that fires frequently occur in large cities; that its yard being within the city, the freight cars therein might be endangered by such fires; it attempted to guard against the peril by employment of watchmen to notice fire and give the alarm; they had the means at hand for quick removal of the cars endangered; and although the fire broke out within twenty feet of the yard, so prompt was the action of the company, that the only destruction of property was a portion of this one car and contents; and the verdict of the jury establishes the fact that the company exercised care, diligence and promptness in removing this car as soon as possible after the fire broke out. But under the submission, the jury has gone further, and found as a fact that leaving the car door open a few inches, whereby sparks entered, was negligence, without which negligence the goods would not have been injured. It seems clear to us that on these two findings, in view of the undisputed facts, defendant is not answerable. The necessity for a quick removal of the cars from that freight yard on sudden peril from fire, was one which defendant could foresee, and thereby was bound to provide for; having done its full duty in this respect, was any other or further duty imposed upon it, so far as relates to damage from this fire?

As is held in Morrison v. Davis & Co., 20 Pa. 171, common carriers "are answerable for the ordinary and proximate consequences of their negligence, and not for those that are remote and extraordinary; and this liability includes all those consequences which may have arisen from the neglect to make provision for those damages which ordinary skill and foresight is bound to anticipate."

If, while in transit, the car door being open, sparks had entered from passing locomotives and destroyed the property, the neglect to keep the door closed would doubtless have been the proximate cause of the damage; the originating cause would have been in control of defendant, and the omission to keep the door closed was leaving an open way for the inevitable locomotive sparks to reach the goods; the presumption under such circumstances would be, that defendant had full knowledge of the ordinary risks incident to so conducting its business,

and these facts would have brought it clearly within the rule laid down in Hoag v. R. R. Co., 85 Pa. 293 : " In determining what is proximate, the true rule is that the injury must be the natural and probable consequence of the negligence ; such a consequence as, under the surrounding circumstances of the case, might and ought to have been foreseen by the wrongdoer as likely to flow from his act."

But the facts here are entirely different from those supposed ; the freight yard of a common carrier in a large city was a necessity to the transaction of its business as a carrier ; its laden cars must stand at some point within it for the convenience of both itself and the public ; the delivery from the car to the cart or wagon of the consignee was a necessity ; for purpose of such delivery, it stood at this point ; that a fire might break out somewhere in a large city could be anticipated and provided against by having on hand watchmen to detect fire, and sufficient motive power to quickly move the cars to a place of safety ; but that a building on a street opposite this particular car should catch fire but a few hours before the car was to be unloaded, and that in less than twenty minutes, before, by the utmost promptness and exertion, the car could be moved, sparks should pass through an aperture ten inches wide in the car, and communicate fire to the goods, is now seen to have been possible, but, even after the event so remotely possible, that certainly no jury or court can say it might or ought to have been foreseen. To say so would be, in effect, to hold, that common carriers of freight destined to large cities must transport such freight in tightly closed fire-proof cars, for that is the only precaution which could, under the circumstances here proven, have given protection against destruction by fire. We deem the fact of the open door as unimportant, because, as against all that could be reasonably foreseen, or was within control of defendant, the goods were safe on an uninclosed car ; the defendant had no reason to apprehend fire in that particular building, or that it would immediately be of such fierceness as to communicate itself to the car before the latter could be removed, therefore by what particular channel or means the fire immediately reached the combustible car and cargo has no weight in determining the proximate cause.

The proximate, dominant cause of this damage was a possible

fire in a particular building near where this car stood, over which building defendant had no control and for which it was not answerable.

"But things or results which are only possible cannot be spoken of as either probable or natural. For the latter are those things or events which are likely to happen, and which for that reason should be foreseen. Things which are possible may never happen, but those which are natural or probable are those which do happen; and happen with such frequency or regularity as to become a matter of definite inference:" Railway v. Trich, supra.

That fires would often occur in the city was highly probable; that the conflagration might extend and reach this freight yard, though in a less degree, was also probable; for these probabilities ample provision was made; but that a building twenty-three feet off would take fire, and within twenty minutes would set the car on fire, was only remotely possible and therefore defendant was guilty of no negligence in not guarding against it.

As to the argument, that the question of proximate cause was for the jury, as a general proposition this is correct, but where as here there are no disputed facts, or inference to be drawn it is for the court: Hoag v. R. R. Co., supra; R. R. Co. v. Kerr, 62 Pa. 353.

The judgment is affirmed.