# Cook *v.* Pittsburgh, Cincinnati, Chicago and St. Louis Railway Co., Appellant.

*Negligence—Fire—Sparks from locomotive—Proximate cause—Case for jury.*

In an action against a railroad company to recover damages for the loss of property destroyed by fire alleged to have been caused by sparks from a locomotive owned by the defendant, the case was for the jury and a verdict and judgment for plaintiff will be sustained where there was evidence that the plaintiff's building and other houses destroyed in the same fire were all located in close proximity in a small block and were all entirely of frame, with one exception; that the fire was caused by sparks emitted from defendant's locomotive, which dropped into a pile of straw by a stable at the rear of one of the houses, and was communicated

without interruption from one building to another until all were burning at the same time, and where it further appeared that all were burned to the ground within forty-five minutes from the time the fire was discovered.

Argued October 7, 1915.   Appeal, No. 158, October T., 1915, by defendant, from judgment of C. P. Washington Co., Nov. T., 1914, No. 61, on verdict for plaintiff in case of J. H. Cook, for his own use and for the use of the Ætna Insurance Company of Hartford, Conn., and National Fire Insurance Company of Hartford, Conn., and Liverpool, London and Globe Insurance Company of England, v. Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company, a corporation, operating the Chartiers Branch of the said Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company.   Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ.   Affirmed.

Trespass to recover for loss of property by fire.   Before McILVAINE, P. J.

On the trial it appeared that the buildings destroyed by the fire were located closely together in a small block, all being frame buildings with one exception.   The fire originated by sparks from the locomotive dropping into a pile of straw by a stable at the rear of one of the houses.   It was immediately communicated to the other houses in the block so that all were burning at the same time and all were burned to the ground within forty-five minutes from the time when the fire was first discovered. Verdict for the plaintiff for $5,000 and judgment thereon.   Defendant appealed.

*Error assigned* was in refusing binding instructions for the defendant.

*Rufus S. Marriner*, with him *James A. Wiley*, of *Wiley & Marriner*, for appellant.

*William A. Jordan,* with him *W. J. Brennan, J. M. Dickson* and *W. S. Maxey,* for appellee.

PER CURIAM, October 28, 1915:

This action is for the recovery of damages to the property of plaintiff from fire alleged to have been caused by sparks from a locomotive owned by the defendant company. The sole defense was that sparks from the locomotive were not the proximate cause of the fire, and Pennsylvania Railroad Company v. Kerr, 62 Pa. 353, is relied upon in support of the defense set up. Under all the facts, the question of the proximate cause of the fire was clearly for the jury, and, in a charge to which no exception was taken, the learned trial judge thus properly instructed them: "We charge you, gentlemen, in determining whether the negligent act of the company in this case was the proximate cause or the remote cause of the injury done to the plaintiff's property, you must consider whether the facts constitute a continuous succession of events so linked together that they become a natural whole, or whether the chain of events is so broken that they become independent and the fire which destroyed the plaintiff's building or contents cannot be said to be the natural and necessary consequence of the defendant's negligence in setting fire to the plaintiff's property. In other words, before you can find a verdict for the plaintiff you must find that the fire on May 13, 1913, at Meadowlands was started by the negligence of the defendant company or its employees, and that the burning was a continuous succession of events so linked together that they became one natural whole, so that you can fairly and truthfully say there were no separate and distinct burnings but one continuous conflagration from the time the fire started at the Myers stable until it reached and consumed the plaintiff's building and its contents."

Judgment affirmed.