## Hug et ux. *v.* Hall, Appellant.

*Negligence—Cause of action—Separate suit for personal injuries and property damages—Claim of husband for damages for injuries to wife — Pleadings — Amendment upon appeal — Judgment — Amendment.*

The claim of a married woman for damages for personal injuries resulting from the negligence of the defendant, and the claim of her husband for his expenses and loss of her services may properly be united in one cause of action with his claim for property damages arising out of the same accident.

The husband's claim should be set forth fully in the statement of claim, but where it is not done, and the case is tried without ob-

jection, as though it had been, the Superior Court, upon appeal, will consider the pleadings as having been amended.

In such an action separate judgments should be entered for the husband and the wife, and where that has not been done, the judgment of the court below will be modified upon appeal to comply with the Act of May 8, 1895, P. L. 54.

Argued May 1, 1922. Appeal, No. 79, April T., 1922, by defendant, from judgment of C. P. Allegheny Co., July T., 1921, No. 835, refusing to allow an appeal from judgment of County Court of Allegheny County, in the case of William Hug and Henrietta Hug, his wife, v. W. Sheraden Hall. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Modified.

Petition for leave to appeal from judgment of the County Court of Allegheny County. Before BROWN, J.

The opinion of the Superior Court states the case.

The court of common pleas refused to allow an appeal. Defendant appealed.

*Error assigned* was the order of the court.

*Sidney J. Watts,* for appellant.—There was a fatal misjoinder of parties and of causes of action: Donakhue v. Traction Co., 201 Pa. 181; Rinker v. Colonial Iron Co., 68 Pa. Superior Ct. 250; Cloud v. P. & W. Traction Co., 78 Pa. Superior Ct. 85.

*Frank P. Patterson,* and with him *J. F. Callahan,* for appellees.—The right of appeal to the common pleas rests in the discretion of that court: Robertson v. Kraus, 58 Pa. Superior Ct. 331; Keown v. Bunton, 61 Pa. Superior Ct. 220; Woods v. Insurance Co., 61 Pa. Superior Ct. 298.

The appellate courts do not favor reversal of judgments upon technical grounds: Hewitt, Receiver, v. Publishing Co., 271 Pa. 546.

The several causes of action were properly joined in one action: Fields v. P. R. T. Co., 273 Pa. 282.

OPINION BY KELLER, J., July 13, 1922:

This is an appeal from the refusal of the Court of Common Pleas of Allegheny County to allow an appeal from the county court of said county or direct judgment to be entered therein for the defendant non obstante veredicto.

The record of the case in the county court is not brought up: we have only the petition filed in the court of common pleas and its accompanying exhibits.

From these it appears that an action in trespass was brought in the county court by Wm. Hug and Henrietta Hug, his wife, against the appellant, W. Sheraden Hall, to recover damages resulting from an automobile collision. The statement of claim filed on behalf of the plaintiffs averred that the wife had been severely injured and the husband's automobile badly damaged by the defendant's negligence, and claimed the damages resulting therefrom. No specific claim for damages was made in the statement because of the husband's loss of services of his wife, or his expenses in connection with her injuries; but on the trial evidence was offered and received covering these items of damage, and the defendant did not plead surprise or ask for a continuance. We will treat the plaintiff's statement as amended so as to include these items: Pasquinelli v. Southern Macaroni Mfg. Co., 272 Pa. 468, 481; Pittsburgh F. & I. Co. v. Dravo C. Co., 272 Pa. 118; Fisher v. Fidelity M. L. Co., 188 Pa. 1, 11.

The verdict returned by the jury was in favor of the plaintiffs as follows:

(1)  Property damages ................$650
(2)  Loss of wife's services and doctor bill 300
(3)  Wife's personal damage ........... 400

$1,350

One judgment for $1,350 seems to have been entered on this verdict in favor of the plaintiffs jointly, though the judgment in the county court is not contained in the record before us.

The appellant contends that it was improper to join the husband's claim for property damage in the same action with his wife's claim for personal injuries and his claim for expenses and loss of services growing out thereof, and insists that for that reason the judgment cannot stand and must be entered in favor of the defendant.

The Act of May 8, 1895, P. L. 54, provides that whenever injury not resulting in death, shall be wrongfully inflicted upon the person of the wife, and a right of action for such wrongful injury accrues to the wife, and also to the husband, these two rights of action shall be redressed in only one suit brought in the names of the husband and the wife.

Before the approval of that act, separate actions had to be brought by the husband and wife for their respective damages growing out of the wife's injuries.

On the other hand a plaintiff is bound to include in one action all the damages sustained by him from the defendant's wrongful act, whether to person or property. This was the rule in Pennsylvania before the passage of the Act of 1895 and is not affected by it.

In the case of Fields v. Phila. R. T. Co., 273 Pa. 282, Mr. Justice SADLER considered the subject with his usual thoroughness and demonstrated that in this State the cause of action is the wrongful act, not the damage which flows from the wrong, and, therefore, "all of the damages sustained thereby, whether to person or property, are properly sought in one suit." It was accordingly held, in that case, that a plaintiff who had brought an action and obtained judgment for the damages done his wagon and harness by a collision with defendant's car could not subsequently sue in another action for personal injuries growing out of the same accident.

It follows, then, that apart from the Act of 1895, the plaintiff, Wm. Hug, would have been obliged to include in one action all the damages sustained by him because of defendant's negligent act, that is, the damages growing out of the loss of his wife's services and the payment of her doctor's bill, as well as the damage to his automobile, under penalty of not being permitted to bring a subsequent suit for the items omitted from his demand.

Now the Act of 1895 did not abrogate this rule. It only required the husband to join his action, growing out of the wife's injury, with hers, in one suit, and if a claim for property damage was, under our law, bound up with his claim arising out of his wife's injury it did not require their separation into two actions.

Since the Act of 1895, therefore, we see no reason why all the damages sustained by husband and wife in the same wrongful act should not be sued for and recovered in one action.

The Act, however, provides for the entry of separate verdicts and judgments in favor of the husband and wife respectively. This must be complied with: Donoghue v. Consolidated Traction Co., 201 Pa. 181; Rinker v. Iron Co., 68 Pa. Superior Ct. 258; Jordan v. Eisele, 273 Pa. 95. The verdict should have been moulded to conform thereto: Cohn v. Scheuer, 115 Pa. 178; Murtland v. English, 214 Pa. 325, 331, and judgment should have been entered for the plaintiff, Wm. Hug, for $950, and a separate judgment for the plaintiff, Henrietta Hug, for $400, bearing interest from the date of the verdict.

The assignment of error is overruled, but it is ordered that the judgment in the county court be modified by the entry of separate judgments in conformity with this opinion.