## Horowitz v. Shober.

*Practice, C. P.—Recoupment—Counter-claim — Set-off — Practice Act of May 14, 1915.*

1. Recoupment at common law is the right of the defendant, in the same action, to claim damages from the plaintiff, either because he has not complied with some cross-obligation of the contract on which he sues, or because he has violated some duty which the law imposed on him in making or performing the contract.

2. Counter-claim is the equivalent of set-off and recoupment combined.

3. Counter-claim, as defined by section 14 of the Practice Act of May 14, 1915, P. L. 483, embraces recoupment at common law.

4. While in an action *ex contractu* at common law the defendant, under the plea of the general issue, could as an equitable defence recoup his damages to the extent of plaintiff's claim arising out of the same transaction on which suit was brought, without putting in a special plea or giving notice of set-off, this is not permissible under the Practice Act of 1915, which provides that evidence which seeks to set up a counter-claim cannot be admitted where the defendant has failed to serve the affidavit of defence upon the plaintiff, together with the notice thereon required by section 15 of the act.

*Practice, C. P.—Supplemental affidavit of defence—Allowance of.*

5. Where a supplemental affidavit of defence would not be used for the introduction of new matter, but merely to plead the matter already set forth in the affidavit, as required by the Practice Act of 1915, it is within the discretionary powers of the court to allow the defendant to file the same.

*Practice, C. P.—Rule for judgment n. o. v. converted into rule for new trial.*

6. Where justice to all the parties requires it, the court will convert a rule for judgment *non obstante veredicto* into a rule for a new trial to be entered *nunc pro tunc*.

*Assumpsit.* Rule by plaintiff for judgment *n. o. v.* C. P. Berks Co., Nov. T., 1922, No. 88.

*H. Robert Mays,* for plaintiff and rule; *George J. Gross,* contra.

SCHAEFFER, P. J., Orphans' Court, specially presiding, March 19, 1923.—The plaintiff in this action declares upon a promissory note made by the defendant to him on June 4, 1921, at any day after date for $1152.71, claiming that amount, with interest from June 5, 1921.

3 D. & C.

Horowitz *v.* Shober.

The defendant filed an affidavit of defence, admitting the execution and delivery of the note, but denying the right of the plaintiff to recover thereon because of his failure to perform an obligation on the strength of which the note was given.

At the trial of this case, the material facts which form the basis of this controversy appeared to be as follows: In April, 1921, the plaintiff, an automobile dealer, sold to the defendant an automobile truck for the sum of $6952.71. The truck was delivered to the defendant on or about May 27, 1921, whereupon he paid to the plaintiff the sum of $5800 in cash, and gave in settlement of the balance the note in suit for $1152.71.

The defence made at trial was that, at the time of the execution of the note by the defendant, a promise was made by the plaintiff, which was the inducing cause for said purchase and delivery of note, that if there should be a drop in the price of the trucks similar to the one sold to defendant by plaintiff within twelve months, plaintiff would protect defendant against such decline and make good any loss defendant might sustain.

The defendant offered testimony to show that sometime in October, 1921, a new price list of trucks similar to the one purchased by defendant went into effect, and that this list showed a reduction in price of $1150 upon the model of the truck in question. This evidence was not contradicted at the trial by the plaintiff, but when it was introduced with the parol agreement that there should be an allowance for any drop in price, his counsel objected on the ground that the defence was a set-off and that it was not pleaded in compliance with the Practice Act of May 14, 1915, P. L. 483. We overruled the objection, admitted the evidence, and, after trial of the cause, both sides having asked for binding instructions, the jury rendered a verdict in favor of the plaintiff for $2.71, the amount admitted to be due by defendant on the note in suit after giving him credit for $1150, which represented his loss. Thereupon the plaintiff obtained this rule on Jan. 20, 1923.

The affidavit of defence, after stating the facts and circumstances connected with the sale and purchase of the automobile, and averring the parol agreement as to the decline in prices and the promise on part of plaintiff to refund, contains the following averment set forth in paragraph 4:

"Sometime about October, 1921, a new price list of trucks similar to the one purchased by defendant went into effect. This list showed a mark-down of $1150 upon the model of the truck in question. Defendant thereupon requested plaintiff to cancel and return to him the said note of $1152.71, offering at the same time to pay the interest on the note from its date to the time of said demand, together with the sum of $2.71, being the amount which the note exceeded the amount of guaranty."

The affidavit was neither served on plaintiff nor was it endorsed, notifying him to file a reply within fifteen days from the service thereof.

When the objection was made by plaintiff's counsel to the inadmissibility of the evidence bearing on the question of damages suffered by defendant, as set out in the affidavit of defence, because it was not properly pleaded under the Practice Act, defendant's counsel answered thereto that "the defendant proposes to prove a warranty on the part of plaintiff which would be equivalent to any possible reduction in the price of the article purchased within the period of twelve months from the date of the purchase; a breach of that warranty, and a credit by way of recoupment on the part of the defendant." We overruled the objection and admitted the testimony. We are now convinced that this was error and that the testimony was improperly admitted on the pleadings as they now stand.

Horowitz *v.* Shober.

The defence of recoupment cannot be made at the trial, where the defendant has failed to plead it in the manner required by the Practice Act. The position that recoupment is not embraced in the terms of the Practice Act, and that it is a common law right which can still be asserted in an action of law independently of it, is untenable. While it is true that in actions *ex contractu* the defendant could, as an equitable defence, recoup his damages to the extent of plaintiff's claim arising out of the same transaction on which suit was brought (Heck *v.* Shener, 4 S. & R. 249; Shaw *v.* Badger, 12 S. & R. 275; Hunt *v.* Gilmore, 59 Pa. 450; Eckel *v.* Murphey, 15 Pa. 488; Roth *v.* Reiter, 213 Pa. 400) under the plea of the general issue, without putting in a special plea or giving notice of set-off, this, however, is no longer permissible, because set-offs and counter-claims can only be set up as a defence at the trial after a full compliance with the statute law regulating the practice on this question.

Section 14 of the Practice Act of May 14, 1915, P. L. 483, 485, provides: "In actions of *assumpsit*, a defendant may set off, or set up by way of counter-claim against the claim of the plaintiff, any right or claim for which an action of *assumpsit* would lie, and a verdict may be rendered in his favor for the amount found to be due, and judgment entered thereon."

It will be observed that the definition of counter-claim is very comprehensive, and that it includes any right or claim for which an action of *assumpsit* might lie.

"Recoupment, at common law, is the right of the defendant in the same action to claim damages from the plaintiff, either because he has not complied with some cross-obligation of the contract on which he sues or because he has violated some duty which the law imposed on him in making or performance of that contract:" 24 Ruling Case Law, 793. "Recoupment goes to the justice of the plaintiff's claim, and no affirmative judgment can be had thereon." "A counter-claim is a claim presented by a defendant in opposition to, or deduction from, the claim of plaintiff. A species of set-off or recoupment introduced by the codes of civil procedure in several states, of a broad and liberal character, and embraces, as a general rule, both recoupment and set-off, although broader and more comprehensive than either:" 34 Cyc., 629. "Counter-claim is the equivalent of set-off and recoupment combined, and the counter-claim authorized by many statutes is an enlargement of the scope of set-off and recoupment:" 24 Ruling Case Law, 794.

The counter-claim as defined in the Practice Act undoubtedly embraces recoupment at common law, because, as before stated, the language of the act is very comprehensive and designed to cover all sorts of claims which a defendant may have against the plaintiff for which an action of *assumpsit* would lie.

In the case at bar, the defendant has a remedy in *assumpsit* for a breach of the contract by the plaintiff to make good the loss he suffered by reason of the decline in the price of the trucks, the damages for which can be easily measured, and, consequently, the defence would come within the scope of the language in the Practice Act which speaks of any right or claim for which any action of *assumpsit* would lie.

Not having complied with the act, which requires service of the affidavit to be made on the plaintiff and notice to file reply in fifteen days, the defendant could not avail himself of the matters alleged in his affidavit. This question of the failure to serve the affidavit and give notice as directed by section 15, and its effect on the rights of the defendant at the trial, was carefully considered by Judge Wagner in the case of Pangborn Corp. *v.* Blatt, trading as Prizer-Painter Stove Co., 14 Berks, 129 [2 D. & C. 43], where he held that the

3 D. & C.

Horowitz v. Shober.

defences at the trial must be limited to those raised by the affidavit of defence, and that evidence which seeks to set up a counter-claim cannot be admitted where the defendant had failed to serve the affidavit of defence upon the plaintiff, together with the required notice thereon, as required by section 15 of the Practice Act of 1915. See cases cited in the opinion.

Under the Practice Act, the affidavit of defence is an essential part of the pleadings, and, consequently, when we admitted evidence on an issue which was not properly raised under the pleadings (Ruth-Hastings G. T. Co. v. Slattery, 266 Pa. 288), we not merely prejudiced the rights of the plaintiff, but in this case may have lulled the defendant into a sense of security, which might not have happened if we had sustained the objection; for, in that event, it is reasonable to assume that he would have moved to amend, and the court would undoubtedly have permitted an amendment. Where, as in the instant case, the supplemental affidavit would not be used for the introduction of new matter, but merely to plead the matter already set forth in the affidavit, as required by the statute, we think it is clearly within the discretionary powers of the court to grant the privilege of filing the same: McAllister et al. v. Com., 28 Dist. R. 509. In the case of Pangborn Corp. v. Blatt, trading as Prizer-Painter Stove Co., 14 Berks Co. L. J. 129 [2 D. & C. 43], Judge Wagner refused to permit the defendant to amend his affidavit, because it was an attempt to inject new matter into the cause at the trial, which was known to him at the time he filed his original affidavit. Impliedly, however, the authority to permit the filing of a supplemental affidavit is upheld in that case, where the facts are as we have them in the case at bar.

Amendments may be allowed at any time, even after final judgment: N. Y. & Pa. Co. v. New York Central R. R. Co., 267 Pa. 64. We do not think the plaintiff, as the record stood, would have been entitled to judgment for want of an affidavit of defence; and if not entitled to judgment for want of an affidavit of defence, there would be no more reason for ignoring the affidavit as filed and permitting a judgment after the verdict. It seems that the remedy of the plaintiff would have been to strike the affidavit from the record (Seaman v. Mealey et al., 1 D. & C. 146; Hilton v. Sharpless, 30 Dist. R. 1060; Marcus v. Woods, 1 D. & C. 586), and after decree made striking it off, he would have been at liberty to move for judgment.

Plaintiff made no motion to strike off the affidavit, either before or at the trial, and while he was not compelled to do so (Hilton v. Sharpless, 30 Dist. R. 1060), yet this apparent assent to the sufficiency of the affidavit no doubt contributed to defendant's misapprehension of his rights in the matter.

No application for a new trial was made in this case, but plaintiff moved for judgment n. o. v. on the ground that the evidence was improperly admitted, and now excluding it, there was nothing before the jury to defeat the plaintiff's entire claim. Assuming that judgment n. o. v. may be legally correct, although there is considerable doubt as to this under the decision in Pittsburgh, etc., v. Dravo Co., 272 Pa. 118, yet we feel that this is one of those cases where justice will be done to all the parties by resorting to the expediency adopted by this court in a number of instances—to convert the rule for judgment into one for a new trial and dispose of that: Nies's Administrator v. Nies's Exec'rs, 9 Berks Co. L. J. 87; Sheesley v. Railways Co., 1 D. & C. 398.

And now, March 19, 1923, it is ordered that a rule for a new trial be entered as of Jan. 20, 1923, *nunc pro tunc*, that the rule for judgment n. o. v. be discharged, and that the rule for a new trial be made absolute.

From Wellington M. Bertolet, Reading, Pa.