Nicholson *v.* Buffalo, Rochester & Pittsburgh Ry. Co., Appellant.

Argued October 9, 1930.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Charles J. Margiotti* and *H. A. Heilman,* for appellant.—Firing brush is not negligence per se: Phila. & Reading R. R. v. Yeiser, 8 Pa. 366; Henderson v. R. R., 144 Pa. 461; Sollenberger v. R. R., 285 Pa. 85; P. R. R. v. Watson, 81* Pa. 293; Stephenson v. R. R., 20 Pa. Superior Ct. 157.

The spreading of a fire lawfully set raises no presumption of negligence: Phila. & Reading R. R. Co. v. Yeiser, 8 Pa. 364.

Where a person knows of the existence of a fire on property of another which is likely to spread to and destroy his own property, he is bound to use reasonable care and diligence to prevent it so spreading: Thompson v. DeLong, 267 Pa. 212; Decker v. R. R., 57 Pa. Superior Ct. 432; Haverly v. R. R., 135 Pa. 50; Hunter v. R. R., 45 Pa. Superior Ct. 476; P. R. R. v. Kerr, 62 Pa. 353; American Ice Co. v. R. R., 224 Pa. 439.

*E. O. Golden,* with him *H. C. Golden,* for appellee, cited: Hunter v. R. R., 45 Pa. Superior Ct. 468; P. R. R.

v. Kerr, 62 Pa. 353; P. R. R. v. Hope, 80 Pa. 373; Haverly v. R. R., 135 Pa. 50; Gudfelder v. Ry., 207 Pa. 629.

OPINION BY MR. JUSTICE FRAZER, November 24, 1930:

Plaintiff sued to recover for the loss of his barn and contents resulting from a fire which originated along defendant company's right-of-way. At the trial, appellant gave no evidence and presented a point for binding instructions which was refused and a verdict rendered for plaintiff in the sum of $4,000. Defendant appealed, assigning for error refusal of the court below to affirm its point for binding instructions and in subsequently declining to enter judgment non obstante veredicto for defendant.

Defendant's employees, on the morning of May 9, 1928, were engaged in burning brush along the company's right-of-way. The ground was dry and the wind blowing from the burning brush toward plaintiff's farm buildings, situated at a distance variously estimated at from 600 to 800 yards from defendant's railroad track. The fire from the burning brush spread from defendant's right-of-way to adjoining fields. No effort being at first made to check its progress, the fire spread rapidly, was soon beyond control and, driven by the wind, burned across an intervening field of an adjoining neighbor, into plaintiff's land, reaching a point near his barn and other buildings. Plaintiff, aided by employees of defendant company and others, were active in their endeavors to protect the buildings and late in the afternoon were of the opinion the fire had been controlled and no further danger existed. Plaintiff, however, left his tenant to keep watch and extinguish any small fires which might relight from smoking wood or brush. The following day about noon a few logs, at a distance of approximately a hundred feet from the barn were noticed to be smoldering, at the same time flames were seen in a near-by tree, and plaintiff's barn was discovered on

fire, the latter, together with its contents being totally destroyed. A subsequent examination of the locality disclosed the fire had burned continuously across the fields to the barn. Appellant contends the court below should have held as matter of law that no such continuity of events leading from the original fire on defendant's right-of-way to the burning of plaintiff's building the following day were shown to justify the conclusion that the burning of his barn was the natural and probable consequence of the fire started by defendant's workmen on its right-of-way. We are of the opinion this question was for the jury.

The rule, laid down in Haverly v. R. R. Co., 135 Pa. 50, 57, is that the injury must be a natural and probable consequence of the negligent act of defendant, that is, of such sequence as might and ought to have been foreseen by the latter as likely to follow from his act. In the case above cited this court said, "The jury must determine, therefore, whether the facts constitute a continuous succession of events, so linked together that they become a natural whole, or whether the chain of events is so broken that they become independent, and the final result cannot be said to be the natural and probable consequence of the primary cause,—the negligence of the defendants." The rule stated is not to be controlled by the mere lapse of time or distance from the original cause but by the succession of events. Consequently, the fact that the fire smoldered in the logs or the tree until the following day after it was presumed to have been extinguished does not interpose a new cause or enable the court to say as matter of law that the causal connection was broken. The tendency of the wind to spread a smoldering fire or rekindle it into a blaze is one of the happenings to be anticipated as likely to occur: Pittsburgh Forge & Iron Co. v. Dravo Contracting Co., 272 Pa. 118, 124. This question was fully discussed in Haverly v. R. R. Co., supra, under facts quite similar to those here involved. The trial judge in this case, in

his charge instructed the jury in part as follows: "The rule for determining what is the proximate cause, or in other words what caused this damage, is that the injury must be the natural and probable sequence of the negligence, which the defendant might or ought to have foreseen under the surrounding circumstances"; and further stated that, before plaintiff could recover, the jury must be convinced "that the starting of the fire and the spreading of it over the Hawk farm and into the woods and onto Mr. Nicholson's property and to the buildings of Mr. Nicholson, was a continuous sequence of events so linked together as to constitute a whole. If you should conclude that this sequence of events was broken in any way, whilst the primary cause might be the starting of the fire at these brush heaps, yet if the sequence of events was broken, then the setting fire to the brush heaps is the remote cause and not the proximate cause and there could be no recovery in such case." The above instruction is in accord with the principles laid down in Haverly v. R. R. Co., supra; Cook v. Pittsburgh, etc., Ry. Co., 251 Pa. 198; Pittsburgh Forge & Iron Co. v. Dravo Contracting Co., supra, and other cases there cited.

The questions of defendant's negligence and contributory negligence of plaintiff were likewise for the jury. While defendant was within its right in burning brush on its own property, it was nevertheless required to use due care to prevent fire from extending to adjoining property. It is undisputed that at the time the fire first started to spread, defendant's workmen paid little attention to it, concluding no damage would result. Whether such conclusion was warranted under all the circumstances was clearly a question of fact for the jury. On the other hand, plaintiff was likewise obliged to take all reasonable practical measures to prevent the fire from reaching his barn. According to the evidence, plaintiff, with the help of defendant's workmen and others, finally succeeded in controlling and extinguishing the fire to

such extent that no damage would result to his buildings, and, as a matter of caution, through his tenant, kept constant watch until nine o'clock in the evening, at which time no further danger seemed apparent to the farm buildings. The trial judge instructed the jury that if they should conclude plaintiff was negligent in failing to protect his property and such failure contributed in the slightest degree to the damage sustained by the destruction of his barn, the verdict should be for defendant company, also that it was plaintiff's duty to use ordinary care to protect his own property and if he failed to exercise such care he would not be entitled to recover damages for his loss. These instructions fully protected the rights of defendant.

The assignments of error are overruled and the judgment affirmed.