# Falsey et ux. v. Park

*Zoob & Matz*, for plaintiffs; *Richard A. Smith*, for defendants.

GORDON, JR., J., January 18, 1934.—This is an action of trespass for damages arising out of an automobile accident, and the case is before the court on a rule to strike off the defendant's counterclaim filed under the Act of April 4, 1929, P. L. 140. That act, which amends section 13 of the Practice Act of 1915, provides: "The defendant in such actions may, by affidavit of defense, in addition to denying negligence on his own part, allege negligence on the part of the plaintiff, and set up against the plaintiff, in the manner by this act prescribed, a claim for damages arising out of the same general circumstances upon which the plaintiff's claim is based, and both claims shall in the said cause be tried as one action." The counterclaim is, in form, a suit by the defendant Thomas F. Park and his wife Maretta Park, as plaintiffs, for damages alleged to have been suffered by them in the accident which is the basis of the principal action, the

defendant in the counterclaim being the husband-plaintiff, George J. Falsey. The claim of the wife of the defendant in the principal action is for personal injuries, she having been an occupant of the automobile which her husband was driving at the time, and that of the defendant is for damages suffered by him derivatively as husband, such as the medical expenses of his wife and his loss of consortium, and for the damages to the automobile which he was operating and of which he was bailee. The ground upon which the rule to strike off the counterclaim is based is that none of these damages may be set up by way of counterclaim, notwithstanding the Act of 1929. It is contended by the plaintiffs, first, that, with respect to the defendant Park's claim for damages to the automobile, he was not the owner of it and has no right of action therefor; second, that, with respect to the husband's claim for damages suffered derivatively through his wife's injuries, such damages cannot be asserted by way of counterclaim in this action, because the Act of May 8, 1895, P. L. 54, requires a husband and wife to redress their respective rights of action arising out of injuries suffered by the wife "in only one suit brought in the names of the husband and the wife", and, the wife not being a party to this action, the husband-defendant cannot counterclaim for his right of action in that regard; and third, that, with respect to the claim of the wife of the defendant for her personal injuries, she is not a party defendant in the principal suit, and hence has no standing to assert her personal rights in the counterclaim.

As to the first of these objections, relating to the defendant's counterclaim for damages to the automobile of which he was bailee, it is well settled in this State that a bailee has a right of action for wrongful injury to bailed property in his possession: McCrossan v. Reilly, 33 Pa. Superior Ct. 628. This objection is therefore without merit.

The second objection, that the defendant cannot claim for the injuries suffered by him derivatively through his wife's injuries without her joinder in the action, is equally without merit. The husband's right of action in this regard is a distinct and separate right from that of the wife, and, before the Act of 1895, was redressible in a separate action by the husband. They still remain separate rights, which either may enforce alone, if the other for any reason does not desire to pursue his or her right and waives it by not joining in a common action. The only effect of that act was to require both rights to be redressed in one action, when both assert them; it did not convert the two rights into a single common right of action: Hug et ux. v. Hall, 79 Pa. Superior Ct. 392. This is evident from the second section of the act, which provides: "Either the husband or the wife may waive his or her right of action, and his or her failure to join in the suit within twenty days after service of a rule to join, or be barred, shall be conclusive evidence of such waiver, but if both join in the suit, separate verdicts shall be rendered, one verdict determining the right of the wife and the other verdict determining the right of the husband, and separate judgments shall be entered thereon with the right to separate executions. The rule herein referred to may be entered by the court of its own motion." This view is further confirmed by section 4, which requires the consolidation, on application of the parties or by the court of its own motion, of all pending separate suits of this character. The husband-defendant's right to counterclaim in this action for his damages arising through the injuries to his wife being an independent personal one, we see no reason why the plaintiff should be heard to object to his advancing it here, especially since he, on the one hand, cannot be injured thereby (being liable at all events in a separate suit), and since the defendant, on the other hand, would lose his right of recovery on this item of damage, if he could not

join it now with his claim for damages to the automobile, by operation of the rule that one must include in one action all damages flowing to him out of the same cause of action: Hug et ux. v. Hall, supra; Fields v. P. R. T. Co., 273 Pa. 282. The husband's counterclaim for this item of damage to him is good, therefore, and cannot be stricken off.

This brings us to the third and final objection to the counterclaim—that the wife has no standing to assert her right of action in this suit. This objection is based upon an erroneous conception of the nature and purpose of the Act of 1929. Before the passage of this act, it was necessary for a defendant, who denied liability for an accident and claimed damages by reason of the negligence of the plaintiff, to bring an independent action to assert his claim. Thus he was compelled to try the same issue twice; and there was considerable jockeying by litigants for the technical advantage of bringing their own suit on to trial first. In addition, such unnecessary duplication of trials of essentially the same issue resulted in considerable delay and expense to the Commonwealth. These undesirable results of the current practice were in some measure obviated at times by the parties agreeing to dispose of the two suits in one trial as cross-actions; and the advantages of this practice became so evident that the Act of 1929 was passed to afford complete relief from these results by giving legal sanction and authority to the cross-action. The act does not designate the right given to the defendant as a counterclaim. Indeed, it is more in the nature of a consolidated cross-action than of a set-off or counterclaim. The act merely establishes a rule of practice which enables the cross-action, which the defendant was theretofore compelled to maintain independently of the plaintiff's suit, to be begun and prosecuted by him in the plaintiff's action. We therefore think that a liberal and practical interpretation of the Act of 1929, which would facilitate the administration of justice and give full effect to the manifest purpose of the legislation, should be adopted: Colonial Securities Co. v. Levy et al. (No. 1), 301 Pa. 229; and that the cross-suit of the defendant should be treated as an independent action, to which the rules of practice and procedure which would have governed his suit, had he brought it independently, should be applied. This being so, the wife should be allowed to join with her husband in the counterclaim, as she could have joined with him had he instituted an independent action for his damages. If she had not already done so, she could, under the Act of 1895, have been ruled either by the plaintiff or by the court of its own motion to come in or be forever barred from asserting her claim. So to interpret the Act of 1929 does no harm to the plaintiff, for it will tend to a reduction of costs in the event he is ultimately held responsible for the accident. The only reason he could have for objecting to this procedure would be the opportunity the old procedure afforded to hasten his own case while delaying as long as possible the independent suit of his adversary. We are of opinion, therefore, that the counterclaim of the defendant and his wife is good and should not be stricken from the record.

It may be noted, in conclusion, that it would have been better practice had the defendant's wife come into the case formally, by a rule to show cause why she should not be allowed to intervene. Nevertheless, since we have the power of our own motion to bring her in by rule, the omission of this preliminary step is a mere formal irregularity which we need not require to be corrected, the point not having been raised by the plaintiff. The more orderly procedure indicated, however, should be followed in the future, so that the record will show the formal entry of the wife as a party to the action.

For the foregoing reasons, the rule to strike off the counterclaim is discharged.