## Brownhill et al. v. Greenwood

*Mark E. Garber,* for plaintiffs; *E. M. Biddle, Jr.,* for defendant.

REESE, P. J., April 21, 1934.—On December 21, 1933, a summons in trespass was issued in this suit entitled "James L. Brownhill, Emma E. Brownhill, and

Donald Brownhill, an infant, by his father and next friend, James L. Brownhill, v. Lelia B. Greenwood." The statement of claim filed by the plaintiffs sets forth that on July 20, 1933, the plaintiff James L. Brownhill was operating his motor vehicle; that Emma E. Brownhill, his wife, and Donald Brownhill, their 8-year-old son, were occupants of the car, and that through the negligence of the defendant a collision occurred between the automobiles of the plaintiff and the defendant, as a result of which the three plaintiffs were injured and the automobile owned by the plaintiff James L. Brownhill was completely destroyed.

The damages claimed in the statement are as follows:

(a) The plaintiff, James L. Brownhill: (1) For personal injuries and damages to his automobile and clothing. (2) For damages (medical expenses) resulting from his wife's injuries. (3) For damages (medical expenses) resulting from his minor son's injuries.

(b) The plaintiff, Emma E. Brownhill, for personal injuries and damages to her clothing.

(c) The plaintiff, Donald Brownhill, (by his father and next friend) for personal injuries.

The defendant has filed an affidavit of defense raising the question of law whether it is proper to join the various causes of action in one suit.

We agree with the contention of the plaintiffs that James L. Brownhill must seek in one action all the various items of damages which he has sustained by reason of the defendant's negligence: Fields v. P. R. T. Co., 273 Pa. 282. There is no doubt that he is entitled to the first two items or classes of damages out-lined above, and that the second item, the damages resulting from his wife's injuries, makes it necessary that the husband and wife join their individual causes of action in one suit pursuant to the Act of May 8, 1895, P. L. 54. In such a suit, it is proper for the wife to claim for damages and for the husband to claim, not only damages for the injuries to his wife, but also for his own personal injuries and for damages to his property arising out of the same accident: Hug et ux. v. Hall, 79 Pa. Superior Ct. 392; Reeves v. Philadelphia Gas Works Co., 107 Pa. Superior Ct. 422.

The plaintiffs further contend, although we cannot agree, that since the husband must, under the Fields case, supra, seek in one action all the various items of damages to which he is entitled, it is therefore necessary that he claim in the action in which he must join with his wife under the Act of 1895 the third item of damage outlined above, viz., damages resulting from his minor son's injuries. It is further contended that the claim for the latter item of damage must be joined in the same suit in which the minor son seeks damages for his personal injuries, by virtue of the Act of May 12, 1897, P. L. 62. Hence, the plaintiffs contend, it is proper and necessary for the three plaintiffs to sue in one action.

In the first place, we fully agree with Judge Valentine in Ellis et al v. Prebish, 18 D. & C. 389, where an exactly similar situation was presented. "To submit all of the issues involved in the various claims designated to a single jury so that the various questions could be intelligently passed upon would be a task that this member of the court would not care to undertake. Such a course would, in our judgment, be neither expedient nor advisable. It is incredible to think that . . . [the] separate and distinct causes of action asserted by three different plaintiffs, and which involve different rules of law as to the question of contributory negligence of the various plaintiffs, should or could be passed upon and determined by a single jury; nor do we know of any statute that provides for the consolidation of these various claims into one suit." If the plaintiffs' contention were sound, and if, instead of one, five or six minor chil-

dren and the parents had been injured, it would be necessary to join all their claims in one suit. In such an event, Judge Valentine's statement, supra, would be particularly and forcefully applicable. We do not believe any such result was intended by the legislature in enacting the Acts of 1895 and 1897, supra, nor by the courts in deciding the cases cited herein.

The contention of the plaintiffs is not only impracticable. It is based on fallacious reasoning, viz., that the husband should, in the action in which he must join with his wife, claim all the items of damages to which he is entitled, and therefore must in that same action claim the damages resulting from the injuries to his minor son. The latter item of damage is not properly claimed by either the father or mother individually, but should be claimed by them jointly. The Act of May 13, 1925, P. L. 638, provides, *inter alia:* "The father and mother shall have a joint right of action for injuries to their minor child, for the loss of its services and expenses incidental thereto, and either the father or mother shall have the right to sue therefor in the name of both."

It is true that since the husband is seeking damages resulting from his wife's injuries, his claim therefor and her claim for personal injuries must be joined in one suit under the Act of 1895, supra, and in that one suit the husband must seek all the items of damages to which he is entitled, including his own personal injuries and property damage: Hug et ux. v. Hall, supra; Reeves v. Philadelphia Gas Works Co., supra. But he is not entitled in his individual right to claim damages resulting from his minor son's injuries, for as to that item of damages the parents have a joint right under the Act of 1925, supra. In the suit which must be brought by husband and wife under the Act of 1895, supra, each must claim all the damages to which he or she is individually entitled. Neither is individually entitled to damages resulting from the minor son's injuries, and therefore neither alone can properly claim an item of damages in which they have a joint right. In bringing one action under the Act of 1895, they are not suing for damages in which they have a joint interest, but each is suing for his individual damages and each is entitled to a separate verdict and judgment. Therefore, the item of damages resulting from the minor son's injuries is not properly claimed in such an action. If this is true, then it follows that there is no necessity under the Act of 1897, supra, to join in that action the son's claim for his own personal injuries.

We agree with Judge Valentine in Ellis et al. v. Prebish, supra, that in a situation like the present one the proper procedure is as follows: (1) The parents have a joint right of action for damages resulting from their minor son's injuries, which may be brought by one parent in the name of both: Act of May 13, 1925, P. L. 638; and their claim, together with the claim of the injured child for damages, is properly redressed in one suit: Act of May 12, 1897, P. L. 62. (2) For injuries to the wife, the two rights of action by her and her husband should be redressed in one suit: Act of May 8, 1895, P. L. 54; and in this suit the husband should also claim damages for injuries to his person and property: Fields v. P. R. T. Co., supra; Hug et ux. v. Hall, supra; Reeves v. Philadelphia Gas Works Co., supra.

It follows, therefore, that the several causes of action have been improperly joined in the present action and that the question of law raised by the affidavit of defense must be decided against the plaintiffs. As pointed out by Judge Ross in Winder et ux. v. Lukacher, 7 D. & C. 57, 59, it is our duty under section 20 of the Practice Act of May 14, 1915, P. L. 483, to "make such order as may be just."

And now, April 21, 1934, the question of law raised by the affidavit of

defense is decided against the plaintiffs, and this action is hereby discontinued, without prejudice to the plaintiffs, upon payment of costs herein, to bring proper actions against the defendant.

From Francis B. Sellers, Carlisle, Pa.