## CARVILL v. GARRIGUES.

Where there has been a partial delivery and acceptance of goods, and refusal to accept the residue, under an entire contract, an action for goods sold, and a recovery therein, is a bar to an action for not accepting the residue.

Former recovery admissible under the general issue in actions of assumpsit.

IN error from the Common Pleas of Delaware county.

*April* 5. In this action the plaintiff declared: 1. For not accepting goods according to contract. 2. For damages on a re-sale; and 3. For goods sold. The pleas were, non-assumpsit and payment.

On the trial, the plaintiff showed a written order for the purchase by the plaintiff, on account of defendant, of various parcels of scantling, plank, and boards, the gross prices of each lot being set down in the margin. He then read a letter from the defendant, giving notice that he would take no more lumber from the plaintiff, but would pay the amount justly due for the goods already delivered. He then gave evidence of a sale at auction, after notice to defendant, of the goods ordered and refused. The defendant then offered to prove a recovery before a justice, for the lumber delivered and used before the date of his letter mentioned above. (The entire offer of the defendant will be found in the opinion of this court.) This was rejected, and is the only point decided in this cause.

*Edwards* and *Tilghman*, for plaintiff in error.—The action before the justice was on the written contract, and there was satisfaction of the amount recovered. There was an election of the remedy, and a submission by us; beyond this the plaintiff cannot go. We had the magistrate and his docket in court to show the cause of action there recovered on, but it was rejected.

*E. Darlington* and *Lewis*, contrà.—The object of that offer was to show that there had been full satisfaction of the claim for goods sold; and that no part of the defence here set up had been used; so that he might have the full benefit of it in this action. The points that the contract was entire, and there had been a former recovery, were not made below, and cannot be set up here.

*April* 24. BURNSIDE, J.—The order for the lumber was in writing. It stated the kind and quantity. Part was delivered before the 10th January, 1845, when Carvill, by letter, gave Garri-

gues notice he would not receive any more. The lumber not delivered was sold at public sale by Garrigues, on notice, at the risk of Carvill. After the plaintiff had closed his evidence, the defendant offered to prove, "that the plaintiff purchased other lumber in Philadelphia, and delivered the same to the defendant, in pursuance of their agreement; that the plaintiff purchased it at one price and sold it at another to the defendant, and that it was not such lumber as the plaintiff had agreed to deliver, but of inferior quality, and cut to waste; that for the price of the lumber so delivered and used, the plaintiff had sued the defendant before a justice of the peace, on the 7th March, 1845, and after a hearing, recovered a judgment for the price thereof, from which judgment defendant had not appealed, but had paid the amount of the judgment." This evidence, on objection, was rejected by the court. The offer, with the justice's record, was clearly evidence. It is said it was only evidence in the action before the justice. The law is not so; the contract was entire, and the action before the justice was a legal bar to the right of the plaintiff to recover. No principle is clearer or better settled, than that a party cannot separate one entire cause of action into parts, and sue for one on one occasion, and for the other at another. The first suit or recovery will be an answer to the same; 1 Com. Dig., tit. *Action*, K. 3, pl. 2, § 2, 235, Day's ed. The order for the timber specified the kind and quantity of each kind; the contract was entire, and the law is well settled, where the plaintiff has an entire demand he cannot divide it into distinct parts and bring separate actions for each; as on an entire contract of sale of goods he cannot maintain an action for one part of the goods sold, and another action for another part; Smith *v.* Jones, 15 Johns. Rep. 229. The law is the same where there has been a trespass or conversion by one single indivisible act in relation to several chattels; the plaintiff cannot split his claim for damages by bringing separate actions of trespass or trover for each particular article seized or converted; and a recovery for one part or parcel is a bar to an action for another part or parcel; Farrington *v.* Payne, 15 Johns. Rep. 431. Where the claim arises from an entire contract, or one tortious act, the law will not permit it to be divided into distinct demands, and made the subject of separate actions; 16 Johns. Rep. 136; 6 Serg. & Rawle, 57; 3 Watts & Serg. 136; 2 Shepley, 364. But it is contended this former recovery could not be given in evidence on the general issue in assumpsit, but the former action ought to have been specially pleaded; no doubt it might have been specially pleaded, but it is equally clear it

may be given in evidence on the general issue. In assumpsit the general issue is proper where there was either no contract between the parties, or not such a contract as the plaintiff has declared on; but if he has shown a legal contract and cause of action, the defendant may give in evidence under the general issue that it was discharged by a former recovery; 1 Tidd's Prac. 647, and the cases there cited. It was in evidence that the defendant offered to pay for the lumber delivered, but refused to receive the balance of his order. It is agreed by counsel, on both sides, that the suit before the justice was for the lumber received by the defendant in pursuance of the order, and that this action is for the difference in price between the lumber sold on notice, and the price which the lumber would have been charged at if delivered and accepted by the defendant. The court ought to have received the evidence. The contract being entire, the law gave the plaintiff but one action for its breach; and the suit before the justice for the lumber delivered, precludes the plaintiff from a subsequent action. There was but one distinct and independent contract between the parties. The law will not tolerate the bringing of more than one action on such a contract.

This disposes of the whole case. I deem it unnecessary to send this case back for trial, or to consider the other questions raised.

The judgment is reversed.