## Levy, Appellant, *v.* Solomon.

*Res adjudicata—Multiplicity of suits—Conversion—Replevin.*

Where a person brings a suit against a sheriff in another state for an unlawful conversion of goods, and subsequently on learning that a portion of the goods, which had been seized by the sheriff, were in this state, institutes an action of replevin here to recover them, and thereafter in the suit in the other state, strikes from his bill of particulars the articles found in this state, and recovers a judgment for the balance, such judgment is not a bar to his recovery in the action of replevin in this state.   Logan v. Caffrey, 30 Pa. 196, distinguished.

Reargued Oct. 26, 1903. Appeal, No. 87, Oct. T., 1902, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., March T., 1899, No. 329, non obstante veredicto in case of Lazarus Levy v. Kaskel Solomon and Charles Ruben, trading as Solomon &

Ruben.   Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Reversed.

Replevin for merchandise.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Charles H. Sachs*, with him *Harry C. Levey*, for appellant.

*Joseph Stadtfeld*, with him *W. B. Rodgers*, for appellees.

OPINION BY MR. JUSTICE BROWN, January 4, 1904:

On December 22, 1898, the plaintiff in this case brought suit in the supreme court of New York against the sheriff of the county of New York for an unlawful entry upon his premises and the seizure and conversion of his stock of merchandise. About four weeks later, on January 18, 1899, he discovered in the possession of Solomon & Ruben, in the city of Pittsburg, a portion of his goods, which had been seized by the sheriff, and immediately instituted this action of replevin to recover them.   On May 22, 1899, the suit against the sheriff in New York was called for trial and, after an amendment had been allowed, striking from the bill of particulars annexed to the complaint the specific articles for which this replevin was brought, a verdict was rendered in favor of the plaintiff for $15,000 as damages for the conversion of the larger portion of the goods that had been unlawfully seized.   On the trial of the present case the jury found for the plaintiff for the value of his goods in the possession of Solomon & Ruben, but the court subsequently entered judgment in favor of the defendants, non obstante veredicto, for the reason that the suit and recovery by the plaintiff in New York were a bar to this action. The entry of this judgment is the error assigned by the appellant.

When the amendment was made to the complaint or declaration in New York, it related back to the institution of the suit, and the complaint as amended showed specifically the articles which the plaintiff claimed had been unlawfully seized and converted by the sheriff, and for the value of which he had

brought that suit. In his amended bill of particulars the articles found in the possession of the appellees were not included. Having found them in their possession, instead of asking damages from the sheriff for his conversion of them, he brought a different form of action against these other persons to recover them in specie.

In entering judgment for the défendant the learned judge below relied on Logan v. Caffrey, 30 Pa. 196. There is not the slightest analogy between the two cases. Caffrey, a day laborer who had been employed by Logan, sued him on the contract of employment in the district court of Philadelphia for wages during a period of service extending from July, 1854, to November, 1855. In his bill of particulars there was an item of $67.25 for " 67¼ days' work, between November 7, 1854, and February 5, 1855, at $1.00 per day." On the trial, not having offered any evidence in support of this item, he withdrew it from the consideration of the jury, with leave of the court, reserving his right to bring an action for it. There was a verdict in his favor for the balance of his claim. Subsequently he brought the second action to recover this item of $67.25, and WOODWARD, J., said : " If the former judgment was on the same contract and that an entire and indivisible one, it would have been, as a plea, an estoppel of the plaintiff, and was, as evidence under the general issue, a conclusive bar against his action. A party can have no second action on such a contract, not even on clear proof that no evidence was given as to part of the demand in controversy : Hess v. Heeble, 6 S. & R. 57 ; Carvill v. Garrigues, 5 Barr, 152 ; Brockway v. Kinney, 2 Johns. 210 ; Miller v. Manice, 6 Hill, 122. The language of Chancellor WALWORTH, in the last cited case, was : ' If the same question was submitted to the jury in the first action, and the evidence in the last suit, if it had been given in the first action, would have been equally available as in the last to entitle the plaintiff to recover under the state of the pleadings in bóth, then the verdict and judgment in the first action, provided the defense is brought before the court in the second suit in proper form, is an absolute bar to any recovery therein.' . . . . Can a hireling, then, after periods of service under such a contract, bring separate suits for each day he wrought ? As well might the shopman bring separate suits for the tea, coffee, and

sugar sold his customer, or for the packages delivered each day that the account was running. Such multiplicity of actions would not be tolerated. And after a judgment in one action it would bar the subsequent action, because the evidence, had it been given in the first, would have been equally available as in the last to entitle the plaintiff to recover." It was further added: "So where a tort consists in wrongfully taking several chattels, a plaintiff is not at liberty to split up his cause of action into as many parts as there are chattels; but if he recov ers in an action for part, it concludes him as to the whole." All that was said in that case was simply a reannouncement of the old rule: "Nemo debet bis vexari pro una et eadem causa." Here the defendants are not being vexed twice; and for what they are vexed once no one else was vexed before. The sheriff in New York, according to the amended complaint, was sued for damages for his conversion of certain goods of the plaintiff of which these now in controversy formed no part. The suit there was for damages against one for unlawful conversion; here, in another form of action, against entirely different parties, having the possession of other goods of the plaintiff, the suit is for their recovery in specie. There the action was in personam; here it is in rem. There it was for actual conversion; here it is for unjust detention. Instead of a splitting up of his cause of action by the plaintiff, we have a separate and distinct cause from that which was the basis of his suit in New York. That these goods may have originally been in the custody of the sheriff, under his unlawful seizure, cannot affect the plaintiff's right now to sue for their recovery in kind, though he might be barred if he had elected to hold the sheriff for their conversion along with the rest of his goods. Not having so elected, but having excluded them from his bill of particulars in his suit for damages, because he had found them in the possession of others having no title to them, replevin to get them back was his rightful remedy.

Even between the same parties, where the same facts give rise to two distinct causes of action, action and judgment for one of these causes will be no bar to an action on the other: Pollock's Law of Torts, 165. With the parties different here, with the forms of action different, with the cause in the one having been the wrongful conversion of some of the plaintiff's

property, for the value of which he sued, and in the present, it having been the unjust detention of the remainder of his goods by different parties, from whom he sought to get them back in kind, judgment ought not to have been entered against him below on the reserved print.

The judgment for the defendant non obstante veredicto is reversed and the record is remitted, with direction that judgment be entered for the plaintiff on the verdict for $3,525, with interest from February 24, 1902.