# Fields, Appellant, *v.* Philadelphia Rapid Transit Co.

*Negligence—Cause of action—Separate suit for loss or damage to property and for personal injuries—Res adjudicata—Pleadings.*

1. The cause of action in Pennsylvania in an action of trespass for negligence, is the negligent act or acts which occasioned the injury.

2. A single claim arising either in contract or tort, cannot be divided, and made the subject of several suits, and if actions are brought for different parts of a single demand, a judgment on the merits in one is available as a bar to the other.

3. Where an action has been brought and a judgment recovered for damages for injuries to a horse, wagon and harness due to the negligent act of another, a second suit cannot be brought for personal injuries to the plaintiff sustained by the same negligent act of the defendant.

4. In such case a nonsuit may be entered in the second suit, although the claim of res adjudicata was not expressly made in the pleadings filed.

5. Such defense cannot be raised by affidavit of defense, statutory demurrer or special plea, and the action being in trespass, it is not necessary under the Act of 1915 to set it forth by affidavit of defense.

6. It was proper for the court below to permit the former recovery to be shown at the trial and to enter a nonsuit.

7. It was immaterial that the first suit was brought in a court of limited jurisdiction.

Argued January 18, 1922. Appeal, No. 241, Jan. T., 1922, by plaintiff, from order of C. P. No. 1, Phila. Co., March T., 1919, No. 865, refusing to take off nonsuit, in case of Zack Fields v. Philadelphia Rapid Transit Co. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before SHOEMAKER, J.
The opinion of the Supreme Court states the facts.
Nonsuit and refusal to take it off. Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit, quoting record.

*Eugene Raymond,* with him *John Martin Doyle,* for appellant.—The cause of action is determined not by the tort-feasor's act alone, but by its resultant injury to the right of another.

The right of property ownership is independent of the right of personal security in the same individual: Brunsden v. Humphrey, L. R. 14 Q. B. D. 141.

The doctrine contended for is especially applicable to a case where the limited jurisdiction of the municipal court could not have embraced the claim for personal injury for which the plaintiff now sues.

Under the Practice Act of 1915, the defendant could not avail itself at the trial of the affirmative defense of res adjudicata, not having filed any affidavit of defense setting forth the prior recovery.

The trend of decision is in favor of our contention. Brunsden v. Humphrey, L. R. 14 Q. B. D. 141; Ochs v. Pub. Serv. Comm., 81 N. J. L. 661; Reilly v. Paving Co., 170 N. Y. 40.

A line of analogous decisions is, the cases which consider the question of the right of the survivors of a deceased person who has come to his death through negligence, to sue, where either the wrongful act was committed, or the death occurred, outside of Pennsylvania: Hoodmacher v. R. R., 218 Pa. 21; LaBar v. R. R., 218 Pa. 261.

*Layton M. Schoch,* for appellee, cited: Moore v. Juvenal, 92 Pa. 484; Logan v. Caffrey, 30 Pa. 196; Martin v. Ry., 227 Pa. 18; Rothrock v. Transit Co., 260 Pa. 463; State H. for C. I. v. Water Supply Co. 267 Pa. 29.

OPINION BY MR. JUSTICE SADLER, March 20, 1922:

The plaintiff was struck by defendant's car while driving his express wagon along a public highway.  An

action was brought in the Municipal Court of Philadelphia to recover the value of the horse which was killed, and for the damages done to the wagon and harness, it being contended that the loss was occasioned by defendant's negligence. A judgment was recovered, and the amount thereof was paid. Later, the present suit was instituted in the court of common pleas to secure compensation for the personal injury sustained by the plaintiff from the same collision; no claim for such loss had been made in the earlier proceeding. A compulsory nonsuit was entered on the ground that the first judgment was a bar to a second suit arising from the same cause of action; this the court subsequently refused to take off, and plaintiff has appealed.

The question raised by the record concerns the right to maintain separate proceedings for injuries to property and person, where the same event has caused losses to both. It is a well-settled and familiar rule that a single claim, arising either in contract or in tort cannot be divided and made the subject of several suits; and if actions are brought for different parts of a single demand, a judgment on the merits in one is available as a bar to the other: 15 R. C. L. 965. This is true as to all matters litigated and decided, as well as to all questions of recovery and defense which might have been presented and disposed of: McGunnegle v. R. R. Co., 269 Pa. 404; Ahl's Est., 169 Pa. 609. The principle suggested has been frequently applied in the case of contracts (Logan v. Caffrey, 30 Pa. 196; Hill v. Joy, 149 Pa. 243; Stradley v. Bath Portland Cement Co., 228 Pa. 108), as well as in actions ex delicto: 1 C. J. 1116; 1 R. C. L. 346; 15 R. C. L. 968. "The law is the same where there has been a trespass or conversion by one single indivisible act in relation to several chattels; the plaintiff cannot split his claim for damages by bringing separate actions of trespass or trover for each particular article seized or converted; and a recovery for one part or parcel is a bar to an action for another part or parcel. Where the claim

arises from an entire contract, or one tortious act, the law will not permit it to be divided into distinct demands, and made the subject of separate actions": Carvill v. Garrigues, 5 Pa. 152.

Difficulty is occasioned at times in putting into practice the rule stated, since the same facts may give rise to distinct causes of action, in which case the first judgment is not a bar to the second, as is illustrated by Levy v. Solomon, 207 Pa. 478. Whether injuries to person and property by the same act, may be redressed in separate suits, has been the subject of frequent discussion, and the results reached are in conflict. The English rule, fixed by a divided court, first found expression in Brunsden v. Humphrey, 14 Q. B. D. 141, and is based on the proposition that the cause of action rests not on the negligent act, but on the consequence of the wrong, from which it is argued that separate proceedings may be instituted for the different injuries as they accrue. This conclusion has been followed in three American states, but is opposed by the weight of authority. The majority view is well set forth in McKnight v. Minneapolis St. Ry., 127 Minn. 207, 149 N. W. 131. Many cases showing the divergence of opinion will be found in notes to 50 L. R. A. 161; 36 L. R. A. (N. S.) 246; L. R. A. 1916 B 743; 1 R. C. L. 347.

It, therefore, becomes necessary to determine what constitutes the cause of action in Pennsylvania. Is it the violation of the duty which the defendant owes to exercise due care, or the damage which flows from the wrong? This court has defined it to be (Martin v. Pittsburgh Rys. Co., 227 Pa. 18), "the negligent act or acts which occasioned the injury." It "is that which produces or effects the results complained of": Noonan v. Pardee, 200 Pa. 474, 482. And these declarations are in accord with the reasoning of the earlier authorities: Owen v. Western Saving Fund, 97 Pa. 47; Moore v. Juvenal, 92 Pa. 484. The exact point here in question does not seem to have been discussed in any of our decided cases, but the con-

trolling principle has been fixed, as stated. It is, however, a matter of common knowledge that the inclusion in one suit of claims for injury to property destroyed, and personal damages inflicted at the same time, is customary. Many authorities can be referred to in which both classes of demands were joined, and the right was unquestioned. P. R. R. Co. v. Bock, 93 Pa. 427, and Conover v. Bloom, 269 Pa. 548, are illustrations. If the cause of action is the wrongful act, and we so hold, then all of the damages sustained thereby, whether to person or property, are properly sought in one suit. A plaintiff is bound by his former recovery for a part, and cannot maintain a second action for an item which he saw fit to omit, in the absence of some special circumstances excusing the neglect. 2 A. L. R. 534, note. It matters not that the first suit was brought, as here, in a court of limited jurisdiction: Carvill v. Garrigues, supra.

It is urged, however, that the nonsuit should have been refused in the present case, because the claim of res adjudicata was not expressly made in the pleadings filed. The action was one of trespass, and the only penalty for failure to file an affidavit of defense was to admit the matters expressly designated in section 13, Practice Act of 1915, P. L. 643: Fleccia v. Atkins, 270 Pa. 573. The question could not have been properly raised by statutory demurrer, as matters of fact relating to the first proceeding were necessarily involved; nor by special plea, for such were abolished by that legislation. Even prior thereto, the defense here interposed was not required to be specifically set forth: Kilheffer v. Herr, 17 S. & R. 319; Carvill v. Garrigues, 5 Pa. 152; State Hospital v. Water Supply Co., 267 Pa. 29. The court below properly permitted the former recovery to be shown, and the ruling based thereon was without error.

The assignment of error is overruled and the judgment is affirmed.