GENERAL ELECTRICAL ENGINEERING CO. *v.* BRUMM.

1. APPEAL AND ERROR—SPECIAL APPEAL—QUESTION TO BE DETERMINED AS ONE OF LAW.

Where plaintiff brought two actions against defendant in justice's court on an open account and defendant took a special appeal in each case, alleging as error· in the first that the court erred in denying his motion to dismiss for the reason that there was another action pending arising out of the same claim or demand between the same parties, and alleging as error in the second that the court erred in allowing costs against defendant contrary to the statute (3 Comp. Laws 1915, § 14217), the defendant was entitled, when the causes were reached in the circuit, to have the legal questions presented in the special appeals determined as matter of law; an appeal in this respect presenting the characteristics of a certiorari.

2. SAME—MOTION TO DISMISS—PRACTICE—SAVING QUESTION FOR REVIEW.

Where defendant, instead of calling the attention of the court to said questions and asking for a decision thereon, made a motion to dismiss the first case because of the pendency of the second one, he may, not complain of the action of the trial judge in denying the motion and entering an order consolidating the two causes.

3. TRIAL—PRACTICE—MOTION FOR DIRECTED VERDICT PROPERLY DENIED WHERE ISSUE FOR JURY.

Defendant's motion for a directed verdict in the first case because of the pendency of the second one was properly denied, since plaintiff might sue *on such items of the* account as it chose, and the only matter which could be considered was its right to recover on the claim presented by its bill of particulars.

4. APPEAL AND ERROR—FAILURE TO RAISE ISSUE IN COURT BELOW—SPLITTING CAUSE OF ACTION—SAVING QUESTION FOR REVIEW.

Where defendant in the circuit court at no time challenged the right of plaintiff to maintain the second action for the reason that it was splitting its cause of action,

the question as to whether plaintiff could lawfully bring two actions to recover its claim against defendant is not before the Supreme Court, on error to review a judgment for plaintiff.

5. Same—Issue Dependent Upon Proof Not to be Disposed of by Motion.

Said question could not be raised by motion to dismiss, since its disposition depended upon whether it was supported by the proof.

Error to Wayne; Hunt (Ormond F.), J. Submitted April 7, 1922. (Docket No. 38.) Decided June 5, 1922. Rehearing denied November 2, 1922.

Assumpsit in justice's court by the General Electrical Engineering Company against John B. Brumm for the amount of an open account. There was judgment for plaintiff, and defendant appealed to the circuit court. Judgment for plaintiff. Defendant brings error. Affirmed.

*Warren, Cady, Hill & Hamblen* (*Charles E. Lewis,* of counsel), for appellant.

*Raymond B. Wells,* for appellee.

Sharpe, J. The plaintiff brought two suits against defendant in justice's court in the city of Detroit. In the first (No. 3,453) its amended bill of particulars claimed for material furnished between August 5, 1919, and August 27, 1919, and labor installing same, amounting to $941.63, on which it credited defendant for returned material, $149.11, and cash paid, $300. In the second (No. 3,456) it claimed for material furnished on and after August 14th and labor installing same, $320.62, and gave credit for returned material, $6.11. The pleadings do not appear in the record. Judgment was entered in No. 3,453 for plaintiff for $490 and $6.75, costs, and No. 3,456 for $307.90 and $6.75, costs. A special appeal was taken in both cases.

While there are several assignments of error, counsel for appellant in their brief say:

"The right of the plaintiff to separate the account into two claims constitutes the sole question raised in this brief."

We therefore are at liberty to consider only the rulings made by the trial court wherein such question was raised.

In No. 3,453, the error in respect to the matter here under consideration was thus stated:

"For the reason that the court erred in the denying of defendant's motion to dismiss this cause for the reason that there is another action pending arising out of the same claim or demand, said other action being No. 3,456, between the above named parties before the above named justice of the peace."

In No. 3,456, the error alleged in the affidavit on which the special appeal was founded was the action of the justice in allowing costs against defendant contrary to section 14217, 3 Comp. Laws 1915. When the causes were reached in the circuit, the defendant was entitled to have the legal question presented in the special appeals determined as matter of law. An appeal in this respect presents the characteristics of a certiorari. It does not appear that the attention of the court was called to the matter or a decision asked for. Instead, the defendant filed a motion to dismiss No. 3,453 (Circuit Court No. 78,944) and submitted his affidavit in support thereof. The reasons for dismissal are thus stated:

"(1) For the reason that there is another action now pending in this court between the parties hereto on appeal from judgment rendered by John F. McKinley, one of the justices of the peace in and for the city of Detroit, on April 2, 1920, arising out of and involving the same claim or demand upon which this suit is brought, said other action being No. 78,945, in the circuit court for the county of Wayne.

"(2) For the reason that the amounts which the plaintiff is seeking to recover in this suit and the other suit mentioned above now pending between the parties in this court, together constitute a part of and are included in an open running account between the parties hereto, said open running account constituting a single and entire demand, which cannot be split into more than one cause of action.

"(3) For the reason that all the items for which the plaintiff seeks recovery in this action are included in the statement of an account rendered by plaintiff to defendant on October 31, 1919, and another action upon said account rendered is now pending in this court between the above parties."

No motion was made in No. 3,456 (Circuit Court No. 78,945). The trial court denied the motion to dismiss and entered an order consolidating the two causes as No. 78,944.

The court's attention was next called to the alleged error by a motion of defendant to direct a verdict in his favor. The reason assigned was that an action other than 78,944 was pending—

"arising out of and involving the same claim or demand upon which the suit in this case (case No. 78,944) is brought, said other action being case No. 78,945, in the circuit court for the county of Wayne."

Other reasons presenting the same question in different language were stated. This motion the court reserved under the Empson act (3 Comp. Laws 1915, § 14568). Defendant preferred requests to charge as though the cases were being tried separately. In 78,944 he asked for a directed verdict for the reasons above stated. In 78,945 his requests related to the law applicable to certain facts in issue. After verdict, a motion *non obstante veredicto* was made, based entirely on the motion to direct a verdict. This was denied and judgment entered for plaintiff.

It will thus be seen that at no time did defendant challenge the right of the plaintiff to maintain the second

suit for the reason that it was splitting its cause of action, but his contention was that by doing so it could not maintain its first suit.   In this claim he was clearly in error.   The plaintiff might sue on such items of the account as it chose.   The only matter which could be considered in the first suit was plaintiff's right to recover on the claim presented by its bill of particulars.   For such amount as was found to be due on these items it was entitled to judgment.

When, however, the second suit came on for hearing, defendant with his plea could have given notice that he would insist on the defense he now raises.   This question could not be raised by motion.   Its disposition depended upon whether it was supported by the proof.

With considerable reluctance, but impelled by the law which permits us on review by writ of error to consider and pass upon errors alleged to have occurred in the trial in the circuit court only, we must hold that the question as to whether plaintiff could lawfully bring two suits to recover its claim against defendant is not before us.   See *Mahiat* v. *Codde,* 106 Mich. 387, and cases cited.

The judgment is affirmed.

FELLOWS, C. J., and WIEST, MCDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.