## Frankel, Appellant, v. Quaker City Cab Co.

*Negligence—Cause of action—Separate suit for loss or damage to property or for personal injuries—Amicable adjustment of part of claim—Pleadings.*

After suffering in the municipal court, a voluntary nonsuit in trespass for damages to person and property, plaintiff brought another suit in the common pleas on the same cause of action. The parties then executed a release discharging defendant from liability for damages for personal injury, and costs, in the municipal court, and specifying that suit in the common pleas should stand for "property damage only." *Held,* they eliminated from the pending suit, the personal injury element involved in both suits, but that such agreement did not bring the case within the rule preventing the division of a single cause of action into parts to make each the subject of separate recovery within Fields v. Traction Company, 273 Pa. 282.

Argued October 10, 1923. Appeal, No. 170, Oct. T., 1923, by plaintiff, from judgment of C. P. No. 3, June T.,

Statement of Facts—Opinion of the Court. [82 Pa. Superior Ct.

1922, No. 692, in favor of defendant non obstante veredicto, in the case of Samuel Frankel v. Quaker City Cab Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass to recover damages for personal injuries and to property. Before FERGUSON, J.

The facts are stated in the opinion of the Superior Court.

The jury rendered a verdict in favor of the plaintiff. Subsequently the court, on motion, entered judgment in favor of the defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*Oscar Rosenbaum,* for appellant.

*Charles F. DaCosta,* and with him *Ward C. Henry,* for appellee.

OPINION BY LINN, J., November 19, 1923:

Applying the familiar rule that one with a single cause of action may not divide it into parts and, in separate suits, make each part the subject of separate recovery, the Supreme Court in Fields v. Phila. R. T. Co., 273 Pa. 282, held that Fields could not recover for personal injury resulting from defendant's negligence, because in another suit he had recovered for damages to his property resulting from the same negligent act. The defendant had interposed the first recovery as a bar to further liability.

Equally well established, and supported by the same considerations, is the practice by which parties expedite their litigation, by agreeing to eliminate nonessentials, to admit facts not disputable or not decisive, or for other reasons, stipulate into the record admissions or conditions simplifying the ultimate adjudication. In

this class of cases, the parties agree; in the former, they differ.

The learned court below held that this case was governed by the rule applied in Fields's case; we are constrained to hold that the agreement of the parties brings it within the other class.

Defendant's negligence gave rise to a cause of action for injury to the person and damage to the property of plaintiff. He first brought suit in the municipal court for compensation for both elements of damage. On May 8, 1922, he suffered a voluntary nonsuit in that case, the effect of which was, to leave him with his cause of action, but with no pending suit to enforce it, and with liability to defendant for costs in that case in consequence of suffering the nonsuit: Moschzisker, Trial by Jury, section 150.

On May 23, 1922, plaintiff brought the present suit on the same cause of action. On June 12, 1922, a paper was executed and delivered, reciting that for $25 paid to plaintiff, and the satisfaction of the judgment for costs accruing to defendant in consequence of plaintiff's voluntary nonsuit in the municipal court, plaintiff discharges defendant from liability for damages for personal injuries, resulting from the negligent act in question and in suit in the present litigation, and—what is important—limiting the inquiry in the present suit to "property damage only."

We have, then, the agreement of the parties, that the matter remaining for litigation in the pending suit was the question of "property damage only." There had been no other recovery, and no other suit was pending. The next occurrence was the filing of a statement of claim in this case, demanding compensation for property damage only; that was in accordance with their understanding. The case was put at issue, tried, and resulted in a verdict for plaintiff. Judgment was entered for defendant notwithstanding the verdict, upon the ground that the release of the right to claim for injury to the person, in

the circumstances stated, was a bar to the suit on the authority of Fields's case.

We do not so interpret the release nor the principle applied in Fields's case. When the release was executed, this suit was pending; defendant had a claim against plaintiff for costs in the municipal court in a case, as we have seen, which tried nothing; perhaps defendant might have had proceedings in the present suit stayed until those costs were paid or payment secured. At all events, the parties met and arranged to dispose of the claim for costs to which defendant was entitled, and of the element of damage known as the personal injury claim, and, having done that, provided that this suit should stand open for "property damage only."

It will be observed that plaintiff has not split up a cause of action to try it in two separate suits; no issue between them had been tried; by agreement the parties eliminated from a pending suit an element about which they might have litigated but which they preferred to dispose of without litigation; they simplified the trial of an existing suit to which they were parties. What they did is directly within the beneficent purpose furnishing the reason for the rule applied in the Fields's case, and which in Logan v. Caffrey, 30 Pa. 196, 200, was stated to be that one should not be twice vexed with suits growing out of a single cause of action and that it was in the public interest to end litigation.

The judgment is reversed and the record remitted to the court below with instructions to enter judgment on the verdict.