From C. P. Addams, Harrisburg, Pa.

---

## Winder et ux. v. Lukacher.

*Practice, C. P.—Consolidation of actions—Husband and wife—Parties—Negligence—Affidavit of defence raising questions of law—Act of May 8, 1895, P. L. 54.*

1. Where a question of law raised by an affidavit of defence amounts to a plea in abatement or a plea in bar, a special plea, or any other technical plea under the common law system of pleading, it must now be treated as a "question of law" and adjudged accordingly.

2. Where two actions are brought, one by a husband and wife for injuries to the wife, and another for injuries sustained by the husband in the same accident, and the matter is brought before the court by affidavits of defence raising questions of law, the court will order one of the actions discontinued, with leave to the plaintiffs to reform the pleadings in the other so as to include their separate claims for damages.

Affidavits of defence raising questions of law. C. P. York Co., Aug. T., 1924, Nos. 201 and 202.

In No. 201 the plaintiffs claimed damages for injuries sustained by the wife in an automobile collision, and in No. 202 the plaintiff, who was one of the plaintiffs in No. 201, claimed damages sustained by him personally in the same collision.

*Walter B. Hays*, for plaintiff; *Harvey A. Gross*, for defendant.

Ross, J., Feb. 16, 1925.—It appears from the plaintiffs' statement that, "on or about the 5th day of May, 1924, in broad daylight, the plaintiffs, in company with Moses Winder and the latter's wife, Agnes Winder, were riding in an automobile southwardly upon the public highway known as the York Road, about a mile north of Cockeysville, in the State of Maryland, said automobile being driven by Moses Winder.

"While plaintiffs were thus riding along their right-hand side of the said highway, an automobile belonging to and being operated by the defendant and

Winder et ux. *v.* Lukacher.

running northwardly collided with the automobile in which the plaintiffs and their companions were riding, severely injuring the plaintiff, Marion Winder."

The question of law raised by defendant is as follows: "The above action was entered in said court on Aug. 29, 1924, and on the same day Tucker Winder, one of the above plaintiffs, entered a second action in said court to No. 202, August Term, 1924, in both of which actions the plaintiff is claiming damages which arise out of the same accident, transaction or alleged negligent act or acts of the defendant which occasioned the injury. Defendant, therefore, respectfully requests the court to hear and dispose of the question of law so raised in accordance with the provisions of section 20 of the Practice Act of May 14, 1915, P. L. 483."

It appears by an investigation of the records, occasioned by the question of law raised by the affidavit of defence, that in the present suit the husband is suing the defendant for injuries occasioned by the alleged collision, which, it is alleged, was caused by the carelessness of defendant. At the same time the present plaintiff entered suit against the same defendant for injuries alleged to have been received by himself at the same time, under the same circumstances, and based upon the same alleged acts of carelessness of the same defendant.

Such multiplicity of suits has been vetoed by decisions of our appellate courts. The case of Fields *v.* Phila. Rapid Transit Co., 273 Pa. 282, decides practically that "A single claim arising either in contract or tort cannot be divided and made the subject of several suits." Since the above cited ruling of the Supreme Court, our Superior Court has decided that "the claim of a married woman for damages for personal injuries resulting from the negligence of the defendant and the claim of her husband for his expenses and loss of her services may properly be united in one cause of action with his claim for property damages arising out of the same accident:" Hug et ux. *v.* Hall, 79 Pa. Superior Ct. 392. See, also, opinion of Mr. Justice Linn in case of Frankel *v.* Quaker City Cab Co., 82 Pa. Superior Ct. 217-218.

The act of assembly approved May 8, 1895, § 1, P. L. 54, makes it imperative on the husband or wife who claims damages for injuries to seek redress only in one action, and the 4th section of the act makes it the imperative duty of "the court to consolidate such suits as are brought separately by husband and wife, with their respective costs, upon the application of either party.

It was not explained at the argument why four separate suits were brought, but it is plain that the husband and wife had the right of action "in only one suit brought in the names of the husband and wife," as the Act of 1895 prescribes.

The question now before the court is not a demurrer, for demurrers in Pennsylvania practice have been abolished by the "Practice Act, 1915." It is not "a statutory demurrer" (whatever that term means), but it is simply a plain "question of law" raised by the defendant under his statutory right, the 20th section of the "Practice Act, 1915," by an "affidavit of defence."

"A demurrer . . . imports, according to etymology, that the objecting party will not proceed with the pleading, because no sufficient statement has been made on the other side, but will wait the judgment of the court whether he is bound to answer:" Stephens on Pleading, 44. The intricacies of the several common law forms of demurring have been abolished with the evident view of making litigation more easily and more promptly effective. Whatever the questions of law raised by the "affidavit of defence" may amount to, such "questions of law so raised may be set down for hearing and disposed of by the court." If the question of law so raised amounts, in effect, to a demurrer,

it should be so treated. If it amounts to a plea in abatement or a plea in bar, a special plea or of any other of the many technical pleas indulged in by lawyers under the old common law system of pleading, it, nevertheless, must now be treated by the court as a "question of law." In Stephens on Pleading, 144, it is said, "that on a demurrer the court will consider the whole record and give judgment for the party who, on the whole, appears to be entitled to it."

The question of law raised in this case calls our attention to the court's records. Those records disclose that there are four suits entered against one defendant, when the law expressly forbids, by an act of the general assembly, the bringing of more (at the most) than two suits.

Our belief is that such irregularities are some of the things the "Practice Act of 1915" intended to remedy by the provisions of the 20th section of that act. Under the said law we are required to "make such order as may be just."

And now, Feb. 16, 1925, we make the following order: That action No. 202, August Term, 1924, brought by Tucker Winder, plaintiff, v. I. K. Lukacher, defendant, be discontinued at the costs of the plaintiff; when so discontinued, the said plaintiff and his wife may continue the suit brought by them to No. 201, August Term, 1924, and reform the pleading in said suit in conformity with the requirements of the Act of Assembly approved May 8, 1895, P. L. 54.

From Richard E. Cochran, York, Pa.