## Ellis et al. v. Prebish

*Andrew Hourigan,* for plaintiff.

*Bedford, Jones, McGuigan & Waller,* for defendant.

VALENTINE, J., April 21, 1932.—On August 27, 1929, a summons in trespass was issued in a suit instituted by "Daniel Ellis, Clara Ellis, Lehman Ellis *v.* Steven Prebish." The statement of claim filed by the plaintiffs set forth their causes of action as follows:

"The plaintiffs, Daniel Ellis and Clara Ellis, bring this suit each in their own right and on their own behalf and as husband and wife, and Daniel Ellis brings this suit as the next friend and father of Lehman Ellis, a minor."

The statement then sets forth that the plaintiff, Daniel Ellis, was operating a motorcycle; that Clara Ellis, his wife, together with Lehman Ellis and Lulu Ellis, their minor children, were occupants of the side car attached to said machine and that through the negligence of the defendant a collision occurred between said motorcycle and the defendant's automobile, as a result of which their minor daughter, Lulu, was killed, the minor son, Lehman, and the parents, Daniel Ellis and Clara Ellis, sustained injuries and the motorcycle owned by Daniel Ellis was damaged.

The damages claimed in the statement are as follows:

(a) The plaintiff, Daniel Ellis, for personal injuries and damages to his motorcycle.

(b) The plaintiff, Clara Ellis, for personal injuries.

(c) The plaintiff, Lehman Ellis (by his father and next friend), for personal injuries.

(d) Daniel Ellis for the death of his minor daughter, Lulu Ellis.

The affidavit of defense raises the question as to the propriety of joining the various causes of action in one suit.

To submit all of the issues involved in the various claims designated to a single jury so that the various questions could be intelligently passed upon would be a task that this member of the court would not care to undertake. Such a course would, in our judgment, be neither expedient nor advisable. It is incredible to think that four separate and distinct causes of action asserted by

three different plaintiffs, and which involve different rules of law as to the question of contributory negligence of the various plaintiffs, should or could be passed upon and determined by a single jury; nor do we know of any statute that provides for the consolidation of these various claims into one suit.

The parents, Daniel Ellis and Clara Ellis, may maintain a suit for the death of their minor child, Lulu: Act of April 26, 1855, P. L. 309. So, also, they have a joint right of action for injuries to their minor child, Lehman, which may be brought by one parent in the name of both: Act of May 13, 1925, P. L. 638; and their claim, together with the claim of the injured child for damages, is properly redressed in one suit: Act of May 12, 1897, P. L. 62. For injuries to the wife, Clara Ellis, the two rights of action by her and her husband, Daniel Ellis, should be redressed in one suit: Act of May 8, 1895, P. L. 54. The plaintiff, Daniel Ellis, may recover for personal injuries and for damages to his motorcycle in one action: Fields *v.* Phila. R. T. Co., 273 Pa. 282.

Under the above acts of assembly the various claims of the plaintiffs, although based on one alleged act of negligence, give rise to distinct causes of action.

The question of law raised by the affidavit of defense is decided against the plaintiffs subject to their right, within fifteen days from date, to amend their statement of claim so as to embrace the causes of action which may be redressed in one suit and which they elect to pursue.

From Frank P. Slattery, Wilkes-Barre, Pa.