# Buckley's Estate

*J. Tyson Stokes*, for exceptants.

*Benjamin Fertik* and *Charles S. Schofield*, contra.

BOLGER, J., July 1, 1938.—Exceptants are Germantown Trust Company et al., trustees under the will of William H. Millick, deceased, who claim as creditors upon a bond secured by mortgage upon certain real estate of decedent.

The disposition of all of the exceptions depends upon the correctness of the finding that the estate is insolvent. This question in turn depends upon whether exceptants had the right to waive part of their claim. Unquestionably the estate is insolvent if the right to waive does not exist, as the auditing judge found.

Exceptants complain that the result attained by the adjudication is anomalous, namely, a balance being available to legatees, while exceptants, as creditors, are not satisfied in full; that an estate cannot be held insolvent so long as legatees benefit.

The auditing judge cited Fernberger's Estate, no. 206 of 1937, an adjudication by Judge Ladner, to support his finding that exceptants have no right to waive to the extent claimed. As we read the cited adjudication, we find the situation therein presented much different than ours. There a claim was presented on a collateral bond for $300,000, accompanying a mortgage, not foreclosed nor even in default. In order to avoid the results of the decision of this court in Alexander's Estate, 31 D. & C. 17, the amount claimed was sought to be proved to the extent of the balance remaining for distribution without waiver or release of balance of the debt. Judge Ladner held that if the claimant released as to the full balance of the claim, he would allow it, otherwise not, because he said the claim was an entire one and could not be split. We believe Fernberger's Estate does not support the conclusion reached in our adjudication. Here exceptants were in a different situation. Foreclosure and purchase at the sale by the claimants have occurred; furthermore, exceptants have waived any balance over and above the amount of their claim.

Exceptants here had the right to waive any part of their claim desired. In doing so they necessarily released all parties concerned from any liability for the amount waived, and therefore any subsequent action to recover such sum could not be maintained. But that does not affect or detract from the present right of waiver. We can

find no authority in our appellate courts directly holding a waiver to be permissible, but ample is found outside of the State, and much within the State upholding the principle.

In 1 C. J. 1106, 1107, there is a clear exposition of the principle. It is "that a single cause of action or entire claim or demand cannot be split up or divided so as to be made the subject of different actions. . . .

"The object of the rule is to prevent repeated litigation between the same parties in regard to the same subject of controversy; to protect defendant from unnecessary vexation; and to avoid the costs and expenses incident to numerous suits. . . . It does not mean that plaintiff cannot sue for less than is his due, but merely that if he does so he may be precluded from maintaining another action for the remainder of the same demand."

See Smith for use v. Vandalia R. R. Co., 188 Ill. App. 426 (1914), Martin v. Howe et al., 190 Cal. 187, 211 Pac. 453, and General Electric Engineering Co. v. Brumm, 218 Mich. 571, 188 N. W. 500.

In Hill, to use, etc., v. Joy et al., 149 Pa. 243, plaintiff had recovered a judgment in an earlier action for royalties on an oil lease, and then sued for damages for breach of contract, alleging that under the same contract defendants were obligated to produce oil on certain other lands and this they had failed to do. Held, when plaintiff recovered in the former action the arrears of his portion of the oil produced, he recovered either all he was entitled to, or, at least, a part of an entire demand. In either event, the former judgment would be a bar to this suit: Carvill v. Garrigues, 5 Pa. 152; Logan v. Caffrey, 30 Pa. 196; Alcott v. Hugus, 105 Pa. 350; Buck v. Wilson et al., 113 Pa. 423; Marsh v. Pier, 4 Rawle 273.

In Stradley v. Bath Portland Cement Co., 228 Pa. 108, Stradley sued for breach of contract of employment, under which salary was payable monthly. He had recovered for one month's salary in an earlier action. He sued again on the same cause of action and included a claim

inter alia for four months' salary due when the first suit was brought but not included in it. Held, plaintiff could have brought a separate suit as each instalment fell due: yet if no action be brought until more than one is due, all then in arrears must be claimed. Failure to include the four months' salary due when the first suit was started and not included in it debarred him from recovery for it in the second suit.

These Pennsylvania cases, in giving effect to the principle of waiver, can be said to approve it.

The principle enunciated in Alexander's Estate, supra, and in Strauss v. W. H. Strauss & Co., Inc., et al., 328 Pa. 72, that claimants on mortgage bonds in insolvent estates must give credit for the fair value of the property, is an exception from the well-defined rule reviewed by Justice Stern in Beaver County B. & L. Assn. v. Winowich et ux., 323 Pa. 483, 490. This rule was and is, as therein stated, that "As between the parties themselves, however hard the consequences might sometimes be, the amount realized at the sale was conclusive as to the value of the property": Wolfe's Appeal, 110 Pa. 126, and other cases cited; and that "If the obligee chose to proceed by foreclosure of the mortgage, the sum realized at the sale on execution was credited against the indebtedness, and the mortgagee could then pursue his debtor on the bond for the balance." The exception to this rule as noted, was simply for the protection of other creditors of the estate. Even legislative attempts to relieve what is apparently a situation wherein the mortgagee unjustly enriches himself have died aborning, when they attempted to require, as between mortgagor and mortgagee, that the mortgagee must take something other than the consideration set forth in the bond, namely, cash of the amount stated: Beaver County B. & L. Assn. v. Winowich et ux., supra; Knox v. Noggle, 328 Pa. 302, and cases reviewed in the opinions in those two cases. The authorities cited likewise prevent judicial interposition in the endeavor to ameliorate the mortgagor's position.

Obviously the rights of the legatees here can rise no higher than those of the testatrix herself, and since the other creditors of the estate are paid in full, there is no one remaining who could properly object to the requested waiver.

For these reasons the exceptions are sustained, and there will be a restatement of the awards made in a schedule of distribution which the accountant is directed to prepare in accordance with this opinion.