## Crawshaw v. American Legion Home Association

Before Shughart, P. J., and Jacobs, J.
*William R. Mark*, for plaintiff.
*Garber & Garber*, for defendant.
*John H. Broujos*, for additional defendant.

JACOBS, J., November 6, 1963.—Defendant operates a restaurant and bar on its premises in Shippensburg. Plaintiff and the additional defendant were both on the premises of defendant as customers early on the morning of January 28, 1962. In his complaint against defendant, plaintiff alleges that the additional defendant assaulted him and caused serious injuries to his person for which he seeks recovery. Plaintiff asserts that defendant was negligent because it knew of the belligerency of the additional defendant and violated its duty to protect plaintiff against the alleged assault. Defendant joined the additional defendant, alleging that plaintiff's injuries were the direct result of an intentional assault and battery committed by the additional defendant. The complaint joining the additional defendant avers that the additional defendant is solely liable to plaintiff and further that, if defendant is found liable, the additional defendant is severally and jointly liable with defendant and is liable over to defendant. Plaintiff moved to strike off the additional defendant on the ground that the causes of action are different and that the trial will become unnecessarily compli-

cated if the joinder is permitted. The additional defendant filed preliminary objections to the complaint of defendant on the ground that a misjoinder of causes of action exists if the additional defendant is permitted to remain in the case. Both objections are the same and will be disposed of in this opinion and order but will not be treated separately.

Pennsylvania Rule of Civil Procedure No. 2252(a) permits defendant to join as an additional defendant anyone other than a party to the action who may be alone liable or liable over to defendant or jointly or severally liable with defendant "on the cause of action declared upon". Plaintiff, who has carried the laboring oar in this case, argues vigorously that the additional defendant cannot be joined because the cause of action against the additional defendant is entirely independent of that against the original defendant.

The cause of action in Pennsylvania has been determined to be the wrongful act: Fields v. Philadelphia Rapid Transit Co., 273 Pa. 282. Actually, it is the set of facts which constitute the cause of action, i.e., the wrongful act. What does that set of circumstances show was the wrongful act? In this case, the same set of facts can show that the wrongful act was the intentional assault performed by the additional defendant or the negligent action of defendant in failing to protect plaintiff, or a combination of both. There is one set of closely related circumstances here. It is from this set of closely related circumstances that the jury must determine who committed the wrongful act.

Difficulty arises if we strictly interpret the words "declared upon". As is pointed out in Goodrich-Amram §2252(a)-6, no one but the original defendant can be liable upon the cause of action which plaintiff declares against him if the words are strictly construed. It is obvious that our courts have not treated these words in their narrow sense. Whenever a master is sued on

the basis of his servant's tort and is permitted to join his servant as an additional defendant, two causes of action are joined. The wrongful act of the master is based on a legal principle, namely, that he is responsible for the torts of his servants committed within the scope of their employment. The wrongful act of the servant is his negligent action. However, the joinder of a servant by the master is allowed. When the driver of car number 1 sees car number 2 driving through a stop sign and fails to stop his car, resulting in a collision, and a passenger in car number 1 sues the driver of car number 2, there is no doubt of the right of the driver of car number 2 to join the driver of car number 1 as an additional defendant. However, the wrongful acts may be entirely different. The alleged wrongful act of the original defendant may be failure to stop at a stop sign, while the alleged wrongful act of the additional defendant may be failure to stop within the assured clear distance ahead or testing a known danger. If the passenger in car number 1 is a minor additional causes of action may be inserted because of the minor's parents' right to join for their damages.

In King v. Equitable Gas Co., 307 Pa. 287, the issue was whether exploding gas had escaped from the main line into the post office building because of the gas company's negligence or escaped by reason of defective gas pipes in the building itself, in which event the owners would alone have been liable. Under the Scire Facias Act of April 10, 1929, P. L. 479, in effect at that time, the gas company was not permitted to bring the owners of the building in as additional defendants because the Act of 1929 permitted joinder only of additional defendants who were liable over or jointly or severally liable. It was not until the Act of June 22, 1931, P. L. 663, that persons alone liable could be brought in. The court said that, had the Act of 1931 been in effect, the sci. fa. to join would have been

proper, thus intimating that different grounds of negligence could be joined in the same action.

Although it was not passed upon in the case, an examination of Henderson v. National Drug Company, 343 Pa. 601, shows that, in that case, an additional defendant was permitted to be joined, although his alleged negligence was entirely different from the alleged negligence of the original defendant. The issue was the cause of injuries suffered by plaintiff resulting from the injection of a drug in his back. The suit against the drug company, the original defendant, alleged that the company failed to use care to see that the drug was safe. The drug company brought the additional defendant, the doctor, on the record and alleged that he used an unsterile or infected needle and used too great a quantity of the drug.

In view of the above actions of our courts, it is obvious that the "cause of action declared upon" is not strictly interpreted. We believe it means the wrongful act arising from the set of circumstances averred by plaintiff without giving plaintiff the exclusive right to say what that wrongful act was. In other words, plaintiff cannot, by his initial election, bar a determination of the true cause of action in one trial.

Our interpretation of "cause of action declared upon" appears to us to follow the expressed reasoning of the Supreme Court of Pennsylvania. In Rau v. Manko, 341 Pa. 17, it was said:

"One of the purposes of third party procedure is to avoid multiplicity of suits by adjudicating in one suit the rights and liabilities of all the parties to a single transaction which constitutes the cause of action, and the Rules should, if possible, be construed to accomplish that purpose."

And, in Simodejka v. Williams, 360 Pa. 332, it was said:

"The transaction constituting the cause of action in the case now before us was the negligent driving of two automobiles which came into collision with resulting damages; the violation of duty of one or both the drivers of the cars was the cause of action, not the damage legally caused by that negligence, as the court below seems to have thought."

When two different grounds of negligence can be joined in the same action, we see no reason why a ground of negligence and an intentional tort arising from the same transaction cannot be joined in the same action.

As pointed out by Justice Musmanno in Prost v. Caldwell Store, Inc., 409 Pa. 421, the claim for liability over under Pa. R. C. P. 2252(a) must relate to the cause of action declared on by plaintiff. This would also be true where the allegation is that the additional defendant is alone liable. In the case now before this court, the claim which plaintiff could assert against the additional defendant closely relates to the claim which plaintiff has asserted against defendant. The basis of plaintiff's claim against the additional defendant would be an assault and battery. The basis of plaintiff's claim against defendant is failure to protect plaintiff from the same assault and battery. Thus, the alleged assault and battery committed by the additional defendant is an integral part of plaintiff's cause of action as he has stated it against the original defendant.

*Order of Court*

And now, November 6, 1963, at 11 a.m., the rule to show cause why the additional defendant, Ervin Paul Bitner, should not be stricken, is dismissed, and additional defendant's preliminary objections to the complaint of defendant are overruled, and the additional defendant is given 20 days from this date within which to file an answer.