## Simoni v. Birocco

*Gretchen S. Reed, Panner, Holland & Autenreith,* for plaintiff.

*Joseph J. Liberati,* for defendants.

SAWYER, J., March 27, 1969.—This case is presently before the court on defendants' motion for judg-

ment on the pleadings. The pleadings and issue in this case are as follows:

Plaintiff filed a complaint in trespass seeking damages for personal injuries he allegedly sustained in an automobile accident between plaintiff and defendant, Virginia Birocco, which occurred on September 20, 1966. Defendants filed an answer and under new matter set forth that on November 1, 1966, plaintiff in this action, Dundee Simoni, secured a judgment against defendant, Virginia Birocco, before Justice of the Peace John J. Ayoob, Aliquippa, Beaver County, Pa., for property damage to plaintiff's vehicle and record costs totaling $154.15, as a result of the same automobile accident of September 20, 1966. The 20 day appeal period on this judgment has expired. Plaintiff filed a reply to new matter admitting all of the facts above set forth, including the securing of the final judgment for property damage before the justice of the peace but averring that the damages for personal injuries sought in this action are from injuries that were unknown at the time of filing the initial property damage action and further that the damages for personal injuries are not a matter within the jurisdiction of a justice of the peace court.

Defendant has moved for judgment on the pleadings in this action on the basis of res adjudicata since there is a valid judgment, unappealed from, covering the same cause of action. It is well settled in Pennsylvania that any and all claims of a plaintiff arising out of a tortious act complained of must be asserted in one suit; if plaintiff allows the case to go to final judgment. then all possible claims for damages which plaintiff could have asserted are merged into the one judgment and the entire matter is res adjudicata. Plaintiff cannot at a later date bring an action for damages arising out of the same wrongful act even though these damages were not asserted in the first action.

The Supreme Court of Pennsylvania in the recent case of Spinelli v. Maxwell, 430 Pa. 478 (1968), at pages 480-481, stated the rule as follows:

"When personal injuries to a person and damages to his property arise from the same cause and the same tortious act, the person who has sustained such personal injuries and property damage *must* seek recovery for both in a single action and, if separate actions are instituted for each category of damage and a judgment is rendered in one of such actions, the entry of such judgment has the effect of *res judicata* and bars recovery in the other action. Such is the view of a substantial majority of jurisdictions in the United States, and to this view Pennsylvania has long adhered. See: *Fields v. P.R.T. Co.*, 273 Pa. 282, 117 A. 59 (1922); *Fisher v. Hill*, 368 Pa. 53, 81 A. 2d 860 (1951); *Saber v. Supplee-Wills-Jones Milk Co.*, 181 Pa. Superior Ct. 167, 124 A. 2d 620 (1956).

"Basically, the question turns on whether there is only one cause of action or more than one cause of action. In *Fields v. P.R.T. Co.*, supra, this Court took the position that: '. . . If the cause of action is a wrongful act, *and we so hold*, then all of the damages sustained thereby, whether to person or property, are properly sought in one suit. . . .' (p. 286). (Italics supplied.) The views expressed in *Fields* are sound and have long represented the law in this Commonwealth and to the ruling in Fields we continue to adhere.

"The *Fields* ruling is salutary: (a) it relieves defendants of subjection to more than one suit by the same person for a single tort; (b) it avoids a multiplicity of suits; (c) it provides a simple and direct method of determining all the claims of an individual arising from the same tortious act."

Plaintiff claims that at the time he brought his suit for property damage in the justice of the peace court,

he was not aware of the items of personal damages he is claiming in this suit; and, therefore, in the present suit an exception should be made and the suit allowed. Pennsylvania and a great majority of all other states in tort and contract actions apply strictly the rule against splitting a cause of action.

The research of counsel and of this court has failed to produce the citation of any prior case which sustains the exception to the rule which plaintiff seeks.

It is not placing an undue burden upon a plaintiff to require him to assert all his damages in one suit and to be bound by the final judgment thereon. He is the one who claims to be injured and who best knows the extent of his injuries. Even after suit is filed, a liberal policy is followed by the courts in permitting amendments and additions to claims up through trial and to final judgment.

To allow a plaintiff to bring, on one cause of action, successive suits to final judgments in a piecemeal fashion as he successively and belatedly discovers alleged damages would open the door to a multiplicity of suits that would only increase already overburdened court dockets. For the orderly expedition of justice it is necessary that there be a point of final termination of a cause.

The strict rule against splitting a cause of action also applies even though the first suit is brought, as here, in a court of limited jurisdiction: Fields v. Philadelphia Rapid Transit Co., 273 Pa. 282 (1922). The Restatement, Judgments, §62, comment J at 254 summarizes the general policy in this respect as follows:

"The plaintiff, having voluntarily brought his action in a court which can give him only a limited remedy, cannot insist upon obtaining a further remedy in another action."

The long recognized strict rule against splitting a cause of action has ample justification for its existence;

substantial justice can be achieved by all parties operating within the limits of this rule. We find no valid reason to make a special exception in the instant case.

The damages for personal injuries claimed in the instant case arose from the same cause and the same tortious act upon which the plaintiff previously brought suit to recover property damage and upon which he obtained a final judgment. The cause of action asserted in the instant case has already been litigated and final judgment obtained; it is now res adjudicata.

## ORDER

And now, March 27, 1969, for the reaons set forth above, the motion of defendants for judgment on the pleadings in favor of defendants is hereby granted and judgment is hereby entered in the within cause of action in favor of defendants.